OPINION OF THE COURT
Lawrence Newmark, J.
This is a motion by defendant to dismiss the complaint on the ground that plaintiff failed to comply with subdivision 9 of section 130 of the General Business Law.
It appears thát in July, 1984, plaintiff moved to amend the caption of this action from “William T. Schmitt Associates, plaintiff” to “William T. Schmitt, plaintiff.” The basis for the motion was an allegation that plaintiff had inadvertently failed to file a certificate of doing business under an assumed name. In a decision dated August 14, 1984 (Honorable Martin Kerins, J., Dist Ct), the court denied the motion on the ground that subdivision 9 of section 130 of the General Business Law prohibited the action until the statute was complied with. In response to the current motion plaintiff has submitted a copy of the proper certificate which was filed with the county clerk’s office on October 19, 1984.
Subdivision 9 of section 130 of the General Business Law provides in pertinent part “Any person or persons carrying on, conducting or transacting business as aforesaid who fails to comply with the provisions of this section shall be prohibited from maintaining any action or proceeding in any court in this state on any contract, account or transaction made in a name other than its real name until the certificate required by this *481 section has been executed and filed in accordance with the provisions set forth herein.”
The defendant contends that the above language prohibits actions which are commenced prior to the filing of the certificate. The court does not agree. Although no cases have been located dealing with this issue, similar language may be found in section 1312 of the Business Corporation Law. That section prohibits actions by unauthorized foreign corporations unless and until they become authorized. However, failure to obtain the authorization is not a jurisdictional defect and the necessary certificate may be filed at any time prior to judgment. (See Paper Mfrs. Co. v Ris Paper Co., 86 Misc 2d 95; Tri-Terminal Corp. v CITC Inds., 78 AD2d 609.) In the court’s opinion the language of subdivision 9 of section 130 of the General Business Law should be read in the same way.
The motion to dismiss is denied.