*274 OPINION OF THE COURT
Ronni D. Birnbaum, J.
Respondent’s motion to vacate the judgment of this court, entered after trial, based on section 130 of the General Business Law is denied.
It is respondent’s position that since the premises in question are contained within New York County, a certificate of doing business under an assumed name must be filed in said county in order to maintain such an action. It is undisputed that there is a certificate on file in Queens County where petitioner claimed it maintained its office. In a previous proceeding petitioner argued that it neither conducts nor maintains an office in New York County. Consequently, the New York County Clerk’s office would not accept such a certificate for filing under these circumstances. (See also, Cook Assocs. v Fusfield, index No. L&T 070955/91.)
Section 130 (1) (a) of the General Business Law requires a person, if other than a corporation, to file a certificate of doing business with the Clerk of each County in which business is conducted. A failure to file a certificate of doing business is not jurisdictional and can be cured at any time prior to judgment. (See, Schmitt Assocs. v Loveless, 126 Misc 2d 480.) The purpose of filing a certificate is to afford information to the public as to the identity of persons conducting business.
However, this matter involves a multiple dwelling, which would require section 130 of the General Business Law to be read in conjunction with section 325 of the Multiple Dwelling Law. Section 325 requires every owner of a multiple dwelling and every agent and other person having control of such a dwelling to file the required statement of ownership with the appropriate department. When filed, a multiple dwelling registration number is allotted to the premises. The purpose of the statute is to enable tenants to readily identify and contact owners or persons responsible for the operation and maintenance of multiple dwellings. (See, Lazarus v Liebowitz, 85 Misc 2d 822.)
In order to maintain a nonpayment summary proceeding section 208.42 (g) (2) of the Uniform Rules of the Trial Courts (22 NYCRR) provides that pursuant to RPAPL 711, the petitioner shall allege that the premises are a multiple dwelling and that the owner shall currently have an effective registration statement on file with the Office of Code Enforcement. The petitioner must also allege the multiple dwelling registra *275 tian number. There is no allegation in this proceeding that there was no effective registration statement on file or that the premises were not registered. In this belated application respondent relies solely on the General Business Law. However, reading the purposes of the General Business Law and the Multiple Dwelling Law together the specificity of the Multiple Dwelling Law must control.
Respondent was in no way prejudiced by the lack of a certificate of doing business in New York County. The purpose of the Multiple Dwelling Law registration requirements is to identify ownership. By registering with the appropriate department, the petitioner has satisfied the requirement that notice be given to afford the tenants notice of ownership and control of the premises. The requirements of the Multiple Dwelling Law have been met.
The court has considered respondents’ other arguments and find them to be without merit.