OPINION OF THE COURT
Doris Ling-Cohan, J.
In this commercial nonpayment proceeding, respondent has moved to dismiss pursuant to CPLR 3211 (a) (3) and General Business Law § 130. Respondent argues that petitioner lacks the legal capacity to sue as a consequence of its failure to file a certificate of doing business in Bronx County, as required by General Business Law § 130. This motion presents two novel issues: (1) must petitioner landlord file a certificate of doing business in the county it owns income-generating commercial property; and (2) does ownership of income-generating real property constitute the carrying on, conduct or transaction of business for purposes of General Business Law § 130.
General Business Law § 130 (1) provides that: "No person shall hereafter * * * (ii) carry on or conduct or transact business in this state as a member of a partnership, unless: (a) [s]uch person * * * shall file in the office of the clerk of each county in which such business is conducted or transacted a certificate setting forth the name or designation under which and the address within the county at which such business is conducted or transacted, the full name or names of the person or persons conducting or transacting the same, including the name of all partners, with the residence address of each such person, and the age of any person less than eighteen years of age” (emphasis supplied).
General Business Law § 130 (9) further provides that: "Any person or persons carrying on, conducting or transacting business as aforesaid who fails to comply with the provisions of this section shall be prohibited from maintaining any action or proceeding in any court in this state on any contract, account or transaction made in a name other than its real name until the certificate required by this section has been executed and filed in accordance with the provisions set forth herein” (emphasis supplied).*
In opposition to respondent’s motion, petitioner maintains that it is in compliance with General Business Law § 130 in *998 that it filed a certificate of doing business in New York County where it maintains its sole office. Petitioner bases its claim that it is not doing business in Bronx County on several factors. First, it does not maintain an "office” in Bronx County, only in New York County. Second, the parties’ lease identifies petitioner’s address as being in New York County. Third, respondent sends all of its rent payments to petitioner in New York County. Finally, petitioner argues that the notice of petition and petition which was served on respondent identifies petitioner’s address as being in New York County. Petitioner therefore argues that it need not file a certificate of doing business in Bronx County.
In support of its argument, petitioner asserts that the Housing Court decision in Graham Cook Assocs. v Mintz (155 Misc 2d 273 [Civ Ct, NY County 1992]) is controlling. The court notes that Graham Cook Assocs. was decided in Housing Court and is therefore not binding on this court. Also, it is distinguishable.
In Graham Cook Assocs. (supra), the respondent moved to vacate judgment on the ground that petitioner failed to file a certificate of doing business in New York County where the subject residential premises was located. The petitioner argued that it neither conducts business, nor maintains an office in New York County, and therefore it need not file a certificate of doing business in New York County. The Housing Court held that respondent was not prejudiced by petitioner’s failure to file a certificate of doing business in compliance with General Business Law § 130, since petitioner had complied with the filing requirement of Multiple Dwelling Law § 325. In its decision, the Housing Court reviewed the purpose of each of the statutes and found the Multiple Dwelling Law to be controlling because of its specificity. The court stated that the purpose of filing a certificate pursuant to section 130 is to afford information to the public as to the identity of persons conducting business. (Supra, at 274.) It explained that the purpose of the filing requirement of the Multiple Dwelling Law is to enable tenants to readily identify and contact owners or persons responsible for the operation and maintenance of multiple dwellings. (Supra, citing Lazarus v Liehowitz, 85 Misc 2d 822.) Consequently, the filing requirement of General Business Law § 130 was found to be inapplicable since petitioner complied with the Multiple Dwelling Law and thus satisfied the requirement that notice be given as to the ownership and control of the premises. (Supra, at 275.)
*999 This court need not reach the issue of whether, in the context of a landlord-tenant proceeding involving a multiple dwelling, the Legislature intended that the General Business Law § 130 (1) registration requirement supplement the multiple dwelling registration requirement that it established. As stated above, Graham Cook Assocs. (supra) is distinguishable from the case at bar. The present proceeding involves commercial rather than residential property. As such, unlike in Graham Cook Assocs., petitioner has not complied with the filing requirement of the Multiple Dwelling Law. Thus, in the present case, the public lacks the information necessary to readily identify petitioner as the Legislature intended and as public policy mandates.
The issue this court must then decide is whether petitioner is in compliance with General Business Law § 130 by filing a certificate in New York County where it maintains its sole office or, whether, based upon its activities in Bronx County, an additional certificate needs to be filed in the Bronx. Although the court has been unable to locate any cases dealing with this issue, a similar filing requirement can be found in section 91 of the Partnership Law. Partnership Law § 91 (1) provides that: "[t]wo or more persons desiring to form a limited partnership shall * * * (b) [f]ile the certificate in the office of the county clerk of the county in which the principal office of such partnership is located” (emphasis added).
Unlike General Business Law § 130, the language in section 91 specifically states that a certificate be filed only in the county in which the limited partnership’s principal office is located. In comparing the two statutes, it is the opinion of this court that if the Legislature had intended that a General Business Law § 130 certificate be filed only where a partnership maintains its principal or sole office, as petitioner argues, it would have clearly stated this as it did in section 91 of the Partnership Law. Accordingly, the court has determined that it is the Legislature’s intent that pursuant to section 130, a partnership must file a business certificate in all counties in which it carries on, conducts or transacts business, not only where the partnership’s sole office is located, in order to maintain an action in this State.
Although petitioner claims it is not transacting business in Bronx County for General Business Law § 130 purposes, this court disagrees. It is axiomatic that business is transacted when real property is owned and operated for income-generating purposes. As such, the court finds petitioner *1000 Supreme Realty, as it claims to be the owner and landlord of income-generating commercial property in Bronx County, to be carrying on, conducting or transacting business for General Business Law § 130 purposes and thus is required to file an additional certificate in Bronx County.
Where plaintiff failed to file a certificate pursuant to General Business Law § 130, judgment was unanimously reversed without prejudice to renew upon plaintiffs compliance with the statute. (Ferber v Data Executives, NYLJ, Aug. 25, 1981, at 7, col 3 [App Term, 2d & 11th Jud Dists]; contra, Schmitt Assocs. v Loveless, 126 Misc 2d 480 [Suffolk Dist Ct 1984] [failure to file a certificate in accordance with General Business Law § 130 prior to commencing an action is not jurisdictional and the necessary certificate may be filed at any time prior to judgment].) This court holds that the use of the words "shall be prohibited from maintaining any action or proceeding” contained in General Business Law § 130 (9) makes clear that noncompliance with the filing requirement bars a party from continuing with an action or proceeding until there is compliance.
Accordingly, respondent’s motion to dismiss is granted as petitioner’s failure to file a certificate of doing business in Bronx County is a bar to maintaining this action. However, petitioner may move to restore upon proof of filing of a certificate of doing business in Bronx County. Such motion shall be made to the presiding Judge sitting in Part 18.

 In limited situations a failure to comply may result in a misdemeanor. (General Business Law § 130 [9]).