■ HERNANDO URIBE, Plaintiff, and H. URIBE, INC., Respondent, v MERCHANTS BANK OF NEW YORK, Appellant. [697 NYS2d 279] —Order, Supreme Court, New York County (Leland De-

Grasse, J.), entered June 10, 1999, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff corporation had not complied with the requirements of Business Corporation Law § 1312 was properly denied since defendant did not satisfy its burden on the motion of demonstrating that plaintiff was "doing business" in New York State (*see, Construction Specialties v Hartford Ins. Co.*, 97 AD2d 808), and therefore subject to the conditions placed by Business Corporation Law § 1312 on corporate capacity to sue. On the present record, it appears that plaintiff maintains no office or telephone listing, owns no real property and has no employees in this State. Its activities here are limited to solicitation of business and facilitating the sale and delivery of its merchandise incidental to its business in interstate and international commerce. Such activities do not constitute "doing business in this state" within the contemplation of section 1312 (a) of the Business Corporation Law (*see, Alicanto, S. A. v Woolverton,* 129 AD2d 601; *Colonial Mtge. Co. v First Fed. Sav. & Loan Assn.,* 57 AD2d 1046).

In any event, the failure of plaintiff to obtain a certificate pursuant to Business Corporation Law § 1312 may be cured prior to the resolution of the action and its absence is an insufficient basis upon which to grant summary judgment. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Saxe, JJ.