■ SHOWCASE LIMOUSINE, INC., Appellant, v MARIAH CAREY, Respondent. [703 NYS2d 22] —Order, Supreme Court, New York County (Charles Ramos, J.), entered November 4, 1998, which granted defendant's motion to dismiss, unanimously modified, on the law, the facts, and in the exercise of discretion, to direct that the complaint be dismissed unless within 60 days plaintiff complies with the requirements of Business Corporation Law § 1312 (a), and otherwise affirmed, without costs.

Plaintiff is a limousine service incorporated and having its principal place of business in New Jersey. Plaintiff was employed in 1993 by defendant to provide a chauffeur and allegedly entered into a contract in 1994 to be the exclusive chauffeur in exchange for a confidentiality agreement and a reduced fee. Soon after purchasing or leasing new vehicles for defendant's use, defendant terminated her contract, prompting this action alleging four causes of action for breach of contract, unjust enrichment, fraudulent inducement and promissory estoppel. On defendant's CPLR 3211 (a) motion, the IAS Court dismissed the complaint based on Business Corporation Law § 1312 because plaintiff, while doing business in New York, has not obtained authorization from the Secretary of State and

has not paid requisite taxes. In its complaint, plaintiff stated that it transacts business in this State, so the strictures of Business Corporation Law § 1312 (a) clearly apply. The statute does not distinguish between legal and equitable causes of action. Although plaintiff's complaint is thus subject to dismissal, dismissal should have been conditioned upon plaintiff's failure to establish within a reasonable time that it had complied with Business Corporation Law § 1312 (a) (*Tri-Terminal Corp. v CITC Indus.,* 78 AD2d 609). Plaintiff's application to substitute D'Onofrio as an alternative plaintiff was properly refused since all material allegations involved contractual relations between Showcase and Carey. The proposed addition of D'Onofrio lacks merit (*Crimmins Contr. Co. v City of New York,* 74 NY2d 166, 170).

A for-hire vehicle such as a limousine may only operate legally within New York City when licensed (Administrative Code of City of NY § 19-504). However, unlike compliance with the Business Corporation Law provision, licensing by the New York City Taxi and Limousine Commission is not a condition precedent to the ability to sue since "the statute does not provide expressly that its violation will deprive the parties of their right to sue on the contract" (*Rosasco Creameries v Cohen,* 276 NY 274, 278). Thus, plaintiff's failure to be so licensed does not preclude this action. Concur—Rosenberger, J. P., Williams, Lerner, Saxe and Buckley, JJ.