*700 OPINION OF THE COURT
Memorandum.
Plaintiffs assignor was in an automobile accident on January 18, 1997. On August 3, 1999, plaintiff instituted this action under the No-Fault Law to recover for medical services it provided to the injured person. Plaintiff filed a proper certificate of doing business on March 19, 1998.
Plaintiff moved for summary judgment on the ground that defendant had failed to pay or deny its claim within 30 days after receiving proof thereof, in violation of Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3). Defendant cross-moved for summary judgment.
In our view, the court should have granted plaintiffs motion. The failure of plaintiff to file a certificate of doing business until after the last date it treated its assignor is not a bar to recovery on its claim for services rendered (General Business Law § 130 [1] [a]; see generally, Business Corporation Law § 1312) as such failure was cured prior to the commencement of the instant action (see e.g., Uribe v Merchants Bank of N.Y., 266 AD2d 21; Schmitt Assoc. v Loveless, 126 Misc 2d 480).
In view of the foregoing, and in view of the fact that defendant did not deny the plaintiffs claim within 30 days after receiving proof thereof, plaintiffs motion for summary judgment should have been granted and defendant’s cross motion for summary judgment denied (Insurance Law § 5106; 11 NYCRR 65.15 [g] [3]; Presbyterian Hosp. in City of N.Y. v Aetna Cas. & Sur. Co., 233 AD2d 433). Accordingly, plaintiff is awarded summary judgment in the sum of $960.99, and the matter is remanded to the court below for a calculation of the statutory interest and attorney’s fees (Insurance Law § 5106; 11 NYCRR 65.15 [h] [1]; 65.17 [b] [6] [iii], [v]; see also, St. Clare’s Hosp. v Allstate Ins. Co., 215 AD2d 641).
Aronin, J.P., Patterson and Golia, JJ., concur.