LOK PRAKASHAN, LTD., d/b/a Gujarat Samachar, Plaintiff–Counter–Claimant–Defendant–Appellant–Cross–Appellee,

v.

INDIA ABROAD PUBLICATIONS, INC., Defendant–Counter–Claimant–Plaintiff–Appellee–Cross–Appellant.

Docket Nos. 03–7439(L), 02–7130(XAP).

United States Court of Appeals, Second Circuit.

April 13, 2004.

John Virdone, Law Office of Jerome A. Wisselman, P.C., Great Neck, NY, for Appellant.

Krishnan Chittur, Chittur & Associates, P.C., New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, OAKES, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Lok Prakashan, Ltd., d/b/a Gujarat Samachar ("Gujarat Samachar"), appeals from the March 31, 2003 order of the United States District Court for the Southern District of New York (Loretta A. Preska, *Judge*) denying its motion to vacate a jury verdict pursuant to Fed.R.Civ.P. 60(b). Defendant-appellee India Abroad Publications, Inc. ("India Abroad") cross-appeals from the district court's November 7, 2001 order denying its motion to dismiss Gujarat Samachar's claims, and demands that Gujarat Samachar be held liable for the costs and attorneys' fees incurred by India Abroad on account of Gujarat Samachar's appeal. We deny both the appeal and the cross-appeal. The discussion that follows assumes familiarity with the facts.

We review the district court's denial of Gujarat Samachar's Rule 60(b) motion for abuse of discretion. *See Harris v. Kuhlmann*, 346 F.3d 330, 348 (2d Cir. 2003). Gujarat Samachar demands vacatur of the jury's verdict because, in its view, India Abroad presented false testimony and argument concerning the effect of a commercial agreement between the parties. But Gujarat Samachar's argument amounts to nothing more than an *ex post facto* attempt to relitigate the very claims that were presented at trial, based on evidence that Gujarat Samachar con-

cedes was available to it at the time of trial. (A 874) Accordingly, we affirm the district court's denial of the Rule 60(b) motion. *See Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir.1989) (a Rule 60(b) motion "cannot serve as an attempt to relitigate the merits"). We have considered all of Gujarat Samachar's other arguments on appeal and find them, too, to be without merit.

■ Turning to the cross-appeal, India Abroad argues that Gujarat Samachar has been "doing business" in New York "without authority" throughout this litigation and that the district court erred in declining to dismiss Gujarat Samachar's claims on this basis. *See* N.Y. Bus. Corp. Law § 1312(a) ("A foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until [it] has been authorized to do business in this state and it has paid to the state all fees and taxes...."). We disagree. Like the plaintiff in the case cited by the district court, *Uribe v. Merchants Bank of N.Y.*, 266 A.D.2d 21, 697 N.Y.S.2d 279 (N.Y.App.Div.1999), Gujarat Samachar maintains no office in New York, owns no real property in the state, and has no employees here. While it is true that Gujarat Samachar's newspaper is printed in New York, and that it has subscribers, distributors and advertisers in New York, those contacts are at least arguably "incidental to its business in interstate and international commerce." *Id.* Accordingly, reviewing the district court's findings for clear error, *see Netherlands Shipmortgage Corp., Ltd. v. Madias*, 717 F.2d 731, 735 (2d Cir.1983) (district court's findings under § 1312 are reviewed for clear error), we must affirm.

■ Finally, we deny India Abroad's demand for the costs and attorneys' fees it incurred in connection with Gujarat Sa-

machar's appeal. Although Gujarat Samachar's arguments border on the frivolous, we cannot say that the appeal was taken in bad faith. *See United States v. Seltzer*, 227 F.3d 36, 40 (2d Cir.2000); *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.