■ Eve Cohen, Doing Business as Aster Search Group, Respondent, v OrthoNet New York IPA, Inc., Appellant. [800 NYS2d 380]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 23, 2004, which, to the extent appealed from, denied defendant's motion to dismiss the first and third causes of action, alleging breach of contract and account stated, unanimously affirmed, without costs.

Affording the pleading a liberal construction, accepting the facts alleged in the complaint as true, according the plaintiff the benefit of every possible favorable inference, and determining that the facts alleged fit within a cognizable legal theory, dismissal of the causes of action for breach of contract and account stated, pursuant to CPLR 3211 (a), was properly denied in this action on a personal services contract (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Defendant failed to submit documentary evidence to resolve all factual issues as a matter of law and conclusively dispose of the plaintiff's claim (*id.* at 88).

Plaintiff filed a certificate of doing business (General Business Law § 130) only under the name "Aster Search Group," but apparently used both that name and "Aster Place Group" in her business. There is, however, no showing of either an intent to defraud, which would prevent her from recovering on a contract, or an intention to sign in a purely corporate capacity (*see e.g. Chemical Bank v Masters*, 176 AD2d 591 [1991]). The certificate is not jurisdictional, and may be amended prior to entry of any judgment (*William T. Schmitt Assoc. v Loveless*, 126 Misc 2d 480 [1984]; *see also Graham Cook Assoc. v Mintz*, 155 Misc 2d 273 [1992]). Concur—Buckley, P.J., Tom, Andrias, Sullivan and Sweeny, JJ.