In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Sinai Diagnostic & Interventional Radiology, P.C., appeals from a judgment of the Supreme Court, Kings County (F. Rivera, J.), entered July 18, 2008, which, upon an order of the same court dated November 9, 2007, inter alia, granting the petitioner an extension of time pursuant to CPLR 306-b within which to effect proper service of the notice of petition and petition, and upon an order of the same court dated January 4, 2008, inter alia, granting that branch of its cross motion pursuant to CPLR 3211 (a) (3) which was to dismiss the petition only to the extent of staying the proceeding for 45 days to permit the petitioner to comply with Limited Liability Company Law § 808 (a), and denying that branch of its cross motion which *686 was to dismiss the petition pursuant to CPLR 3211 (a) (8), is in favor of the petitioner and against it in the sum of $152,625.41.
Ordered that the judgment is affirmed, with costs.
Contrary to the contention of Sinai Diagnostic & Interventional Radiology, PC. (hereinafter Sinai), the Supreme Court providently exercised its discretion in granting the petitioner an extension of time pursuant to CPLR 306-b within which to effect proper service upon Sinai. A consideration of the relevant factors, as revealed in the record, supported the extension (see e.g. Rosenzweig v 600 N. St., LLC, 35 AD3d 705 [2006]; Robles v Mirzakhmedov, 34 AD3d 554 [2006]; Estey-Dorsa v Chavez, 27 AD3d 277 [2006]; Simonovskaya v Olivo, 304 AD2d 553 [2003]; Seon Uk Lee v Corso, 300 AD2d 385 [2002]).
Similarly, Sinai’s contention that the notices of petition served by the petitioner were jurisdictionally defective under CPLR 403 (a), and that dismissal of the petition was therefore warranted pursuant to CPLR 3211 (a) (8), is without merit. The notices adequately advised Sinai of the time when and place where the petition to confirm the arbitration award would be returnable (see e.g. Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda, 4 NY3d 680 [2005]).
Furthermore, the Supreme Court properly stayed the proceeding for 45 days to afford the petitioner an opportunity to comply with Limited Liability Company Law § 808 (a), rather than dismissing the proceeding outright. Relevant case law regarding Business Corporation Law § 1312 (a), an analog of Limited Liability Company Law § 808 (a), supports the petitioner’s contention that, under the circumstances presented, it was entitled to a reasonable opportunity to cure its noncompliance with the statute before dismissal of the proceeding should be considered (see Showcase Limousine v Carey, 269 AD2d 133 [2000]; Uribe v Merchants Bank of N.Y., 266 AD2d 21 [1999]; Tri-Terminal Corp. v CITC Indus., 78 AD2d 609 [1980]).
The parties’ remaining contentions are either not properly before us on this appeal or without merit. Mastro, J.P, Santucci, Chambers and Lott, JJ., concur.