OPINION OF THE COURT
Charles E. Ramos, J.
In motion sequence 001, defendant Urbi, Desarrollos Urbanos, S.A.B. de C.V (Urbi) moves pursuant to CPLR 3211 (a) and Business Corporation Law § 1312 to dismiss the plaintiff Credit Suisse International’s (CSI) complaint or, in the alternative, to stay this action.
This action arises out of a dispute over a credit default swap agreement. Urbi’s motion to dismiss challenges CSI’s ability to maintain this action as an unauthorized foreign corporation doing business in New York. To this extent the background and details of the transaction are not relevant to the instant motion.
In seeking dismissal, Urbi argues that Business Corporation Law § 1312 prohibits CSI from maintaining this action because it is a foreign corporation not authorized to do business in New York. CSI does not dispute that it regularly does business in New York and that it is not in compliance with Business Corporation Law § 1312.
The relevant portion of Business Corporation Law § 1312 provides that
“(a) [a] foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute, as defined in section eighteen hundred of such law, as well as penalties and interest charges related thereto, accrued against the corporation. This prohibition shall apply to any successor in interest of such foreign corporation” (Business Corporation Law § 1312 [a]).
*603 Notwithstanding the undisputed fact that CSI actively does business in the State of New York though it is not in compliance with Business Corporation Law § 1312, CSI counters that General Obligations Law § 5-1402 supercedes Business Corporation Law § 1312 (a) and permits CSI to bring and maintain this action.
The relevant portion of General Obligations Law § 5-1402 provides that
“1. [n] otwithstanding any act which limits or affects the right of a person to maintain an action or proceeding, including, but not limited to, paragraph (b) of section thirteen hundred fourteen of the business corporation law and subdivision two of section two hundred-b of the banking law, any person may maintain an action or proceeding against a foreign corporation, non-resident, or foreign state where the action or proceeding arises out of or relates to any contract, agreement or undertaking for which a choice of New York law has been made in whole or in part pursuant to section 5-1401 and which (a) is a contract, agreement or undertaking, contingent or otherwise, in consideration of, or relating to any obligation arising out of a transaction covering in the aggregate, not less than one million dollars, and (b) which contains a provision or provisions whereby such foreign corporation or non-resident agrees to submit to the jurisdiction of the courts of this state” (General Obligations Law § 5-1402 [1]).
CSI argues that General Obligations Law § 5-1402 is clearly applicable here because the transaction at issue involves an amount greater than $1 million and the agreement governing the transaction contains a New York choice of law provision.
“General Obligations Law § 5-1402 permits parties to maintain an action in New York state courts pursuant to a contractual agreement providing for a choice of New York law and forum in cases involving $1 million or more” (AIG Fin. Prods. Corp. v Penncara Energy, LLC, 83 AD3d 495, 496 [1st Dept 2011]).
However, it is well established that the operative effect of General Obligations Law § 5-1402 is to “preclude a New York court from declining jurisdiction even where the only nexus is the contractual agreement” (National Union Fire Ins. Co. of Pittsburgh, Pa. v Worley, 257 AD2d 228, 230 [1st Dept 1999] [emphasis omitted]).
*604 Amendments to other statutes after the enactment of General Obligations Law § 5-1402 support this interpretation. For example, after General Obligations Law § 5-1402 was enacted, CPLR 327, “which allows a court to dismiss or stay a case on the basis of inconvenient forum,” was amended to specify that CPLR 327 “has no application to an action arising out of an agreement to which General Obligations Law § 5-1402 applies” (AIG at 497).
Thus, the application of General Obligations Law § 5-1402 in conjunction with CPLR 327 (b) “prevent[s] a party that has agreed to jurisdiction in New York from later asserting that the New York courts are inconvenient or that they lack jurisdiction” (AIG at 497).
However, Urbi does not base its motion to dismiss on this court’s lack of jurisdiction or the inconvenience of the forum. Rather, it argues that CSI lacks the capacity to bring and maintain this action pursuant to Business Corporation Law § 1312. As a result, General Obligations Law § 5-1402 is not applicable to the instant dispute.
This court finds that Urbi’s interpretation of Business Corporation Law § 1312 is amply supported by New York law. Consequently, this court will provide a reasonable period for CSI to comply with Business Corporation Law § 1312, if so advised, in order to obtain the required authorization to bring and maintain an action in this forum (Showcase Limousine v Carey, 269 AD2d 133, 134 [1st Dept 2000] [“(a)lthough plaintiff’s complaint is thus subject to dismissal, dismissal should have been conditioned upon plaintiff’s failure to establish within a reasonable time that it had complied with Business Corporation Law § 1312 (a)”]). In the event that CSI ultimately fails to establish its compliance with Business Corporation Law § 1312 within a reasonable period of time, this court must dismiss the action.
Accordingly, it is ordered that the defendants’ motion to dismiss is denied without prejudice, and it is further ordered that the plaintiff is directed to establish its compliance with Business Corporation Law § 1312 within 60 days of service of this decision with notice of entry by the defendant, and it is further ordered that the defendant may renew this motion after the expiration of the 60 days to seek dismissal of this action.