Robert v Ringerjeans, LLC (2018 NY Slip Op 07272)





Robert v Ringerjeans, LLC


2018 NY Slip Op 07272


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7494 651800/18

[*1]Sara Hong Robert, Plaintiff-Respondent-Appellant,
v
Ringerjeans, LLC, Defendant-Appellant-Respondent, Gabriel Zeitouni, Defendant-Respondent.


Matalon Shweky Elman PLLC, New York (Joseph Lee Matalon of counsel), for appellant-respondent and respondent.
Richard Friedman PLLC, New York (Richard B. Friedman of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered June 25, 2018, which, to the extent appealed from, granted defendants' motion to dismiss plaintiff's claims against the individual member of the corporate defendant and her claim for unjust enrichment against the corporate defendant, and denied the motion as to plaintiff's claims for promissory estoppel and quantum meruit against the corporate defendant, unanimously modified, on the law, to dismiss the complaint in its entirety, and as so modified, affirmed, without costs. The Clerk is directed to enter judgment accordingly.
General Business Law § 130(9)'s prohibition against a person in violation of General Business Law § 130(1) maintaining any action or proceeding in any court in this state on any contract, account, or transaction, bars plaintiff from asserting any claims, including equitable claims. This is the only reading that gives effect to all of the provisions of the statute (see McKinney's Cons Laws of NY, Book 1, Statutes § 98). It is consistent with our reading of an analogous statute, Business Corporation Law § 1312 (see Showcase Limousine v Carey, 269 AD2d 133, 133—134 [1st Dept 2000], mod 273 AD2d 20 [1st Dept 2000], lv dismissed 95 NY2d 902 [2000]; see also DMBJ Prods. v TMZ TV, 2009 WL 2474190, at *4 [SD NY Aug 11, 2009]).
Ordinarily, absent an intent to deceive, a plaintiff may be granted leave, until entry of judgment, to cure the statutory violation (see Cohen v OrthoNet N.Y. IPA, Inc., 19 AD3d 261 [1st Dept 2005]). Here, however, because the contract is in the name
of an LLC, plaintiff cannot comply; she cannot file an assumed name that includes a corporate identifier (see 19 NYCRR 156.4[c]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK