Drexler Corp. Construction, Doing Business as Drexler Land Development Corp., Respondent,
against
Jeff Gold and Cheryl Gold, Appellants.


Cheryl Gold, Esq., for appellants.
Drexler Corp. Construction, Doing Business as Drexler Land Development Corp., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (Joseph B. Girardi, J.), entered July 12, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000.
ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment dismissing the action. 
"Drexler Corp. Construction" [sic] commenced this commercial claims action to recover the sum of $5,000, representing the unpaid balance due on a written contract, dated October 25, 2016, for repair work on defendants' driveway. At a nonjury trial, defendants argued that the contract being sued upon was entered into by defendants with Drexler Land Development Corp.; that Drexler Land Development Corp. was not a named plaintiff; and that, in any event, it was an entity that was required to, but did not, have a Nassau County home improvement license to perform driveway repairs in Nassau County. Plaintiff's president informed the District Court that Drexler Land Development Corp. had been dissolved prior to the date that the contract had been entered into, and that plaintiff had used an old form bearing that entity's name to write the contract at issue. The court suggested that plaintiff amend the caption of the case to read, "Drexler Corp. Construction, doing business as Drexler Land Development Corp."; plaintiff agreed, and the caption was amended. There was no testimony with respect to any filing by [*2]"Drexler Corp." or Drexler Corp. Construction with the New York State Secretary of State of a certificate of doing business under an assumed name, but the court heard testimony about the work which had been performed. The court admitted into evidence a document, dated May 26, 2017, obtained by defendants from the Nassau County Office of Consumer Affairs, which stated that, as of November 26, 2013, Drexler Land Development Corp. was no longer licensed to do home repairs in Nassau County, but that Drexler Corp. had a valid home improvement license that was in effect at the time of the contract. Following the trial, the court awarded plaintiff the principal sum of $5,000.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principals of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Where, as here, a contractor seeks to recover for work done on a homeowner's Nassau County driveway, the contractor is required to be a licensed home improvement contractor (see CPLR 3015 [e]; Nassau County Administrative Code §§ 21-11.1 [3]; 21-11.2; ENKO Constr. Corp. v Aronshtein, 89 AD3d 676 [2011]; Clean & Clear Pool Corp. v Overlander, 46 Misc 3d 137[A], 2015 NY Slip Op 50065[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). In addition, even assuming that a corporation may do business under an assumed name of a dissolved corporation, a corporation doing business in New York under a name other than the name under which it was incorporated must file with the Secretary of State a certificate of doing business under an assumed name (see General Business Law § 130 [1] [b]; Business Corporation Law § 202 [b]). More specifically, General Business Law § 130 (1) (b) provides that no corporation shall "carry on or conduct or transact business" in New York unless it files such a certificate, and General Business Law § 130 (9) provides that a corporation which fails to file a certificate "shall be prohibited from maintaining any action or proceeding in any court in this state on any contract, account or transaction made in a name other than its real name until the certificate required in this section has been executed and filed" with the Secretary of State. In the case at bar, there was no testimony at trial to establish that "Drexler Corp. Construction" was in compliance with General Business Law § 130 (1) (b). It is uncontroverted that the contract was entered into after Drexler Land Development Corp. had been dissolved, and there was no showing that defendants had ever been made aware that they were dealing with an entity other than Drexler Land Development Corp. Consequently, notwithstanding the fact that plaintiff may have had a Nassau County home improvement license at the time the services were rendered, plaintiff is barred from maintaining this breach of contract action (see General Business Law § 130 [9]; cf. Cohen v OrthoNet NY IPA, Inc., 19 AD3d 261, 261 [2005] [affirming the denial of a motion to dismiss a breach of contract cause of action, finding that, although there was a filed certificate of doing business which did not exactly comport with the assumed name being used, there was "no showing of . . . an intent (by plaintiff) to defraud," and the filed certificate could "be amended prior to the entry of any judgment"]).
In view of the foregoing, we find that the judgment in favor of plaintiff failed to render substantial justice according to the rules and principles of substantive law (see UDCA 1807-A [a]).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for [*3]the entry of a judgment dismissing the action. 
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2018