**RGA Gigi LLC v Wieder & Friedman Enters. Inc.**

2026 NY Slip Op 30780(U)

March 3, 2026

Supreme Court, New York County

Docket Number: Index No. 659568/2025

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MELISSA A. CRANE**

*Justice*

PART                60M

-------------------------------------------------------------------------------X

RGA GIGI LLC,WHELE LLC,

Plaintiff,

- v -

WIEDER AND FRIEDMAN ENTERPRISES INC.,INFINITE
GENERATIONS INC.,MOSHE FRIEDMAN, YAKOV
WIEDER

Defendant.

-------------------------------------------------------------------------------X

INDEX NO.            659568/2025

MOTION DATE         11/06/2025

MOTION SEQ. NO.         001

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46 were read on this motion to/for            CONFIRM/DISAPPROVE AWARD/REPORT            .

This is a petition to confirm an arbitration award and a cross motion to dismiss. For the following reasons, the court denies the cross motion and confirms the award.

In December 2024, retired Court of Appeals Judge Robert Smith issued an arbitration award that awarded substantial damages because of respondents' conduct in connection with the sale of two businesses to Explorefirst, LLC ("Explorefirst"). Petitioner RGA Gigi LLC (RGA) is the successor by merger to Explorefirst and Whele LLC.

Respondents do not take issue with the award itself. Nor do they take issue with the award of statutory interest under Delaware law. Instead, they claim that RGA lacks standing to pursue this special proceeding. Respondents are wrong.

The documentary evidence is conclusive. Effective January 1, 2025, Explorefirst merged into WAC3 (Jan Büchsenstein Aff. in Supp. of Verified Pet & in Opp. to Resps.' Mot. to Dismiss ["Büchsenstein Aff."] ¶ 3 and Ex. A [Cert of Merger dated December 30, 2024] at 4). Effective

**659568/2025  RGA GIGI LLC ET AL vs. WIEDER AND FRIEDMAN ENTERPRISES INC. ET AL**          **Page 1 of 5**
**Motion No.  001**

1 of 5

[* 1]

April 30, 2025, WAC3 was merged into RGA (Büchsenstein Aff. ¶ 4 and Ex. B [Cert, of Merger dated April 30, 2025 at 4]). Respondents do not, because they cannot, contest this showing.

Respondents' back up argument is that RGA should be judicially estopped from asserting standing, because of positions its predecessors took in a related federal action. It would appear that petitioners opposed a motion to dismiss for want of diversity jurisdiction, but failed to correct its papers before the federal court that the WAC3-RGA Gigi merger occurred on April 30, 2025. As is obvious from the pendency of this case, respondents were successful on obtaining dismissal for lack of diversity [see EDOC 44]. Accordingly, the WAC3-RGA Gigi merger, on April 30, 2025, could not have affected the federal court's diversity analysis, making this estoppel argument completely irrelevant.

Moreover, the federal court only analyzed diversity jurisdiction by way of motion that respondents filed on April 10, 2025. It never passed on the merits. Therefore, there is no estoppel with respect to the standing issues before this court now.

Finally, Respondents contend that RGA lacks standing because it is doing business here without registering. NY LLC Law § 808 restricts certain foreign corporations from maintaining suit:

> (a) A foreign limited liability company doing business in this state without having received a certificate of authority to do business in this state may not maintain any action, suit or special proceeding in any court of this state unless and until such limited liability company shall have received a certificate of authority in this state.

Respondents contend that "RGA Gigi ships to New York customers, that it has hired Amazon to process and ship all such orders, and that Amazon uses New York fulfillment centers to handle those orders, RGA Gigi is doing business in New York. By maintaining physical inventory in New York warehouses and contracting with an agent (Amazon) to package and ship

659568/2025   RGA GIGI LLC ET AL vs. WIEDER AND FRIEDMAN ENTERPRISES INC. ET AL          Page 2 of 5
Motion No. 001

2 of 5

that inventory from within the state, RGA Gigi is not merely engaged in interstate commerce; it is conducting local business."

However, cases are legion that these activities are not sufficient to establish "doing business" such that registration is required (see *Uribe v. Merchants Bank of New York*, 266 AD2d 21, 22 [1st Dep't 1999] ["On the present record, it appears that plaintiff maintains no office or telephone listing, owns no real property and has no employees in this State. Its activities here are **limited to solicitation of business and facilitating the sale and delivery of its merchandise incidental to its business in interstate and international commerce.** Such activities do not constitute "doing business in this state" within the contemplation of section 1312 of the Business Corporation Law"]; *S & T Bank v. Spectrum Cabinet Sales, Inc.*, 247AD2d 373 [2nd Dep't 1998] ["Pennsylvania corporation, as assignor, was not "doing business" in New York at time it shipped goods to New York, so as to bar assignee's action to recover money for goods sold and delivered under statute precluding corporation that is not authorized to do business in New York from maintaining action there; corporation neither maintained office, telephone, or sales representative in New York, nor did it do any advertising in New York"]; *John Distilleries Pvt. Ltd. v. Domaine Select Wine & Spirits, LLC*, 67 Misc 3d 1237(A), 129 N.Y.S.3d 261 (Sup. Ct. New York County 2020) ["Domaine supplies no authority for its assertion that a foreign company is "doing business" in New York for purposes of BCL § 1312 merely because that company sells products across the United States through a New York distributor."]; see also *EPF Int'l Ltd. v. Lacey Fashions Inc.*, 170 AD3d 575, 575–76 [1st Dep't 2019] [ where plaintiff indisputably sold wigs in New York, court held "Defendant's argument that plaintiff, a foreign corporation not licensed to do business in New York, is precluded from maintaining suit pursuant to Business Corporation Law (BCL) § 1312(a) is also unavailing. A

defendant relying upon BCL § 1312(a) has the burden of proving that the foreign corporate plaintiff was "doing business" in New York without authority.  Defendant has offered no such proof"]).

Respondent's lone case, *Hongtai Trading Inc. v. Mingsheng Yan*, , 2013 WL 1788541, at *2 (EDNY Apr. 26, 2013), has never been cited for the proposition respondent's cite it for, relies on cases from 1980 that pre-date e-commerce,  is contrary to Appellate Division, First Department precedent that respondents chose not to mention, and predates *Dahmler v Bauman*, 134 S. Ct. 746 (2014).

The court has considered respondents' remaining allegations and finds them unavailing.

However, the court, while confirming the award, cannot impose "interest at the rate provided by Delaware law from January 31, 2022," because petitioners have not demonstrated what that rate is. Therefore, that part of the petition seeking statutory interest is denied without prejudice to a motion seeking same.

Accordingly, it is

ORDERED THAT the court grants the petition and the award rendered in favor of petitioners and against respondents is confirmed; and it is further

ORDERED THAT petitioners, RGA GIGI LLC, and WHELE LLC, shall have judgment from Respondents WIEDER AND FRIEDMAN ENTERPRISES INC., INFINITE GENERATIONS INC., MOSHE FRIEDMAN, AND YAKOV WIEDER in the amount of $2,225,925.50 plus costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs, and respondent shall have execution therefor; and it is further

659568/2025   RGA GIGI LLC ET AL vs. WIEDER AND FRIEDMAN ENTERPRISES INC. ET AL
Motion No.  001

Page 4 of 5

4 of 5

ORDERED THAT the clerk shall mark this proceeding disposed.

_MELissa C_
20260303160345MACRANEC25E19C91FED49F5BD9243C9F719E725

| | | | |
|---|---|---|---|
| **3/3/2026** | | **MELISSA A. CRANE, J.S.C.** | |
| **DATE** | | | |

**CHECK ONE:**
- [X] CASE DISPOSED
- [ ] NON-FINAL DISPOSITION
- [ ] GRANTED
- [ ] DENIED
- [X] GRANTED IN PART
- [ ] OTHER

**APPLICATION:**
- [ ] SETTLE ORDER
- [ ] SUBMIT ORDER

**CHECK IF APPROPRIATE:**
- [ ] INCLUDES TRANSFER/REASSIGN
- [ ] FIDUCIARY APPOINTMENT
- [ ] REFERENCE

**659568/2025   RGA GIGI LLC ET AL vs. WIEDER AND FRIEDMAN ENTERPRISES INC. ET AL**
**Motion No.  001**

Page 5 of 5

[* 5]