*985 OPINION OF THE COURT
Memorandum.
Final judgment unanimously modified by providing that the dismissed is without prejudice and as so modified affirmed without costs.
In this nonpayment proceeding, the petition alleges that the apartment is not subject to rent stabilization because the building in which the apartment is located has been substantially rehabilitated as family units on or after January 1, 1974. In support of this allegation, landlord’s witness testified at trial that when landlord bought the building in February 1988 it contained six residential units and a store, all of which were vacant. During the next 10 months, landlord spent between $275,000 and $300,000 to renovate the building. Specifically, landlord hired an architect, obtained a building permit and hired contractors. The contractors removed all the interior partitions that were non-weight-bearing, moved some that were weight-bearing, gutted the building down to the bare walls, and reconfigured all of the apartments. The two ground-floor apartments were enlarged by eliminating the store and by building staircases down to the basement in both apartments and making them duplexes. The second- and third-floor apartments were enlarged by including what had been hallway space. New partitions, sheetrock, plumbing, electrical wiring, light fixtures, plumbing fixtures, insulation, tiling, cabinets, appliances, windows, doors and flooring were installed in each apartment and the bathrooms and kitchens were relocated.
After trial, the court below ruled that landlord had failed to establish its entitlement to the exemption. The court noted that landlord did not add any units to the City’s habitable housing stock, the landlord did not show that the building was substandard at the time of renovation, that landlord did not show that it could not recover its costs within the framework of rent stabilization as major capital improvements, and that landlord did not prove that its renovations were substantial.
In our view, the petition was properly dismissed because landlord failed to show that the building was substandard or deteriorated at the time that the renovations were done.
Section 5 (a) (5) of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, §4) exempts from rent stabilization housing units that are located in buildings that were "substantially rehabilitated” on or after January 1, 1974. In Pape *986 v Doar (160 AD2d 213, 216) the Appellate Division left open the question "whether the preexisting residential units must be in substandard or deteriorated condition in order for the rehabilitation to qualify for the exemption”. However, in Matter of Eastern Pork Prods. Co. v New York State Div. of Horn. & Community Renewal (187 AD2d 320, 323) the Appellate Division adopted a definition of the term "substantially rehabilitated” that was first offered by Judge Ramos in Nelson v Yates (127 Misc 2d 234), stating that the term suggests " 'a true or significant restoration of a former good quality’ to the subject building”. The Court further stated that: "the basic purpose of the exemption is to increase the number of habitable family units available to the residents of our city. The mechanism by which this is accomplished is to encourage building owners to substantially rehabilitate commercial, or substandard or deteriorated housing stock by permitting them to recoup their expenses free of stabilized rents” (187 AD2d, at 324). It follows from this definition of the language of the statute and from the statute’s intent, as set forth by the Appellate Division, that the exemption is applicable only when deteriorated housing stock is restored to good condition, not when decent housing stock is improved by enlargement, reconfiguration and remodeling. If this is the case, it further follows that a showing with respect to the preexisting condition of the building and the reasons for the building being vacant is required. Inasmuch as landlord did not make such a showing, its petition was properly dismissed.
In view of the unsettled nature of the law in this area and of the fact that our dismissal of the petition is based on a failure of proof, we modify the judgment to provide that the dismissal is without prejudice to landlord’s maintenance of a new proceeding upon proper proof of the preexisting condition.
Kassoff, P. J., Chetta and Patterson, JJ., concur.