OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the notice of appeal from the decision dated June 18, 2012 is deemed a premature notice of appeal from the judgment entered June 25, 2012 (see CPLR 5520 [c]); and it is further, ordered that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for all further proceedings in accordance with this decision before a different judge in the pro se part.
In this action, plaintiff, who had been employed as an attorney by defendant Renaissance Equity Holdings, LLC, seeks to recover the principal sum of $10,800, alleging that he incurred medical costs because, at times during his employment, defendants failed to provide him with the level of medical insurance coverage they had promised him. After defendants were served with the summons with endorsed complaint, they timely answered, interposed affirmative defenses and counterclaims, and, approximately six weeks later, moved to dismiss the complaint or, in the alternative, for summary judgment. Plaintiff cross-moved for an order dismissing defendants’ affirmative defenses and counterclaims. By order entered May 24, 2012, the Civil Court denied defendants’ motion to dismiss or, in the *59 alternative, for summary judgment, and granted plaintiffs motion to dismiss defendants’ affirmative defenses and counterclaims.
On June 13, 2012, the parties appeared in Civil Court. Defendants asserted, and plaintiff did not dispute, that, on or about May 30, 2012, following the determination of the parties’ motion and cross motion, defendants had served a number of discovery demands, including document requests and a request for an examination before trial, and that they had not, as of June 13, 2012, received any responses to their demands. Defense counsel noted that defendants had waited until the disposition of the parties’ motions to serve discovery demands, and stated that she had understood June 13 to be a control date. The Civil Court responded that the matter was scheduled for trial, and, after denying defendants’ request for an adjournment either to complete discovery or, apparently, to bring in witnesses, tried the case. Plaintiff was the only witness, and, following trial, judgment was awarded to plaintiff in the principal sum of $10,762.45 and defendants’ counterclaims were dismissed.
Pretrial discovery, which is intended to assist preparation for trial, “is to be encouraged” (Hoenig v Westphal, 52 NY2d 605, 608 [1981]). Here, the action had apparently been placed on an expedited ready calendar (see Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.18 [d]) because plaintiff had appeared in person. However, the fact that plaintiff was self-represented did not operate to deprive defendants of their right to obtain pretrial disclosure.
The procedures set forth in the CPLR relative to disclosure generally govern in the Civil Court (CCA 1101 [a]; see also Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.9). Under CPLR 3214 (b), except where a motion is based solely on the defense of improper service, the service of a motion under CPLR 3211, 3212 or 3213 stays disclosure until the determination of the motion unless the court orders otherwise. Defendants had moved for summary judgment on substantive grounds, plaintiff had cross-moved to dismiss defendants’ defenses and their counterclaims on grounds other than improper service, and the court had not ordered discovery to proceed during the pendency of the parties’ motions. Thus, discovery was automatically stayed pending the determination of the motions (see e.g. DiMatteo v Cosentino, 71 AD3d 1430, 1432 [2010]; Marcantonio v Picozzi, 70 AD3d 655 [2010]). Furthermore, a “reasonable time to conduct and complete discovery proceedings” had not yet *60 elapsed (see Charpentier v Charpentier, 114 AD2d 923, 923 [1985]) when this action was, apparently, placed on the trial calendar.
We conclude that defendants had properly refrained from making discovery demands during the pendency of their summary judgment motion and plaintiffs cross motion, that defendants’ discovery demands were not untimely, and that the Civil Court’s determination to proceed with the trial of the action over the objection of defense counsel and before defendants had a reasonable opportunity to complete discovery proceedings constituted an improvident exercise of discretion. Consequently, the judgment must be reversed.
We reach no other issue. However, we note that the Civil Court judge made a number of intemperate remarks at trial which were indicative of possible bias.
Accordingly, the judgment in favor of plaintiff is reversed and the matter is remitted to the Civil Court for all further proceedings in accordance with this decision before a different judge in the pro se part.
Pesce, EJ., Weston and Solomon, JJ., concur.