OPINION OF THE COURT
Memorandum.
Ordered that the appeals from the orders dated March 13, 2013 and August 28, 2013, respectively, are dismissed; and it is further ordered that the final judgment is affirmed, without costs.
The appeal from the order dated March 13, 2013 is dismissed as abandoned, as tenant’s brief raises no issue with respect *76 thereto. The appeal from the order dated August 28, 2013 is dismissed, as the right of direct appeal therefrom terminated with the entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated August 28, 2013 are brought up for review and have been considered on the appeal from the final judgment (see CPLR 5501 [a] [1]).
In this holdover proceeding, landlord alleges that tenant held over after the expiration of a non-regulated market lease, and tenant alleges that he is rent stabilized. Landlord moved for summary judgment on the ground that the building in which the subject apartment is located is exempt from rent stabilization due to a substantial rehabilitation, which had been commenced in 1999 and had converted the building from purely commercial space into a residential building (see Rent Stabilization Code [9 NYCRR] § 2520.11 [e]). Tenant cross-moved to compel landlord to comply with a “prior discovery order.” The Civil Court granted landlord’s motion and denied tenant’s cross motion. A final judgment was subsequently entered awarding landlord possession and the principal sum of $10,590.
Pursuant to Rent Stabilization Code (9 NYCRR) § 2520.11 (e), certain housing accommodations in “buildings substantially rehabilitated as family units on or after January 1, 1974” are exempt from rent stabilization. In a case where the landlord had demonstrated that it had converted a “purely commercial space into an almost purely residential space, creating 23 residential units when none existed,” the building was exempt from rent stabilization based upon a substantial rehabilitation (22 CPS Owner LLC v Carter, 84 AD3d 456, 457 [2011]). Contrary to tenant’s contention on appeal, landlord submitted, in support of its motion, substantial proof of its claim that the property had been a commercial building that had been converted, by landlord, into a residential building between 1999 and 2003, and that a residential certificate of occupancy had been issued in 2005. Indeed, the unrebutted proof submitted by landlord demonstrates that, when landlord’s predecessor in interest purchased the building, it consisted of empty warehouse space lacking even the means to access the space above the ground floor, let alone building-wide systems necessary for residential occupancy. Tenant’s submissions do not raise a triable issue of fact with respect to the status of the building as a commercial building with no residential units *77 prior to 1974 and its conversion into a residential building beginning in 1999. Nor is there any merit to tenant’s argument, raised for the first time in his reply brief, that he had demonstrated that his unit was not part of the alleged substantial rehabilitation, and therefore that his apartment was subject to rent stabilization (see Matter of 12th Co. v New York State Div. of Hous. & Community Renewal, 303 AD2d 328 [2003]).
Rent Stabilization Code (9 NYCRR) § 2520.11 (e) (8) allows, but does not require, a landlord to apply for “an advisory prior opinion that the building will qualify for exemption from rent regulation on the basis of substantial rehabilitation, based upon the owner’s rehabilitation plan.” Operational Bulletin 95-2 also allows, and even encourages, owners to apply for an advisory prior opinion, and states that any New York State Division of Homes and Community Renewal final order determining that a building is exempt from rent regulation on the basis of substantial rehabilitation will be binding on the entire building. However, there is no support for tenant’s argument that such a determination is required as proof of the building’s exemption from rent stabilization.
Contrary to tenant’s contention, under the circumstances, the Civil Court providently exercised its discretion in entertaining landlord’s successive motion for summary judgment (see American Equity Ins. Co. v A & B Roofing, Inc., 106 AD3d 762, 763 [2013] [reversing the Supreme Court’s denial of the plaintiff’s second motion for summary judgment declaring that it was not obligated to indemnify a defendant in an underlying action, and granting the motion on the ground that the “subsequent motion for summary judgment was substantively valid, and the granting of it would have furthered the ends of justice”]). Landlord’s motion, which set forth facts demonstrating that the subject building is exempt from rent stabilization pursuant to Rent Stabilization Code (9 NYCRR) § 2520.11 (e), is substantively valid, and we agree with the Civil Court’s implicit determination that the granting of the motion would “further the ends of justice while eliminating an unnecessary burden on the resources of the courts” (Detko v McDonald’s Rests. of N.Y., 198 AD2d 208, 209 [1993]).
Tenant also argued, before the Civil Court and on appeal, that landlord’s motion should have been denied because discovery remains outstanding. On appeal, tenant specifically argues that, by order dated August 20, 2012, the Civil Court *78 “granted Tenant leave to serve his deposition notice and document demand.” Indeed, unlike in an action where full disclosure of matter that is material and necessary is required (see CPLR 3101 [a]), tenant was required to seek leave of court before conducting discovery in this special proceeding (see CPLR 408), and the Civil Court granted tenant’s motion seeking such leave in the August 20, 2012 order. A subsequent order, dated March 13, 2013, which granted two motions by landlord that were entirely unrelated to discovery, reaffirmed that the parties had leave of court to engage in discovery.
However, the record is devoid of any indication that tenant had ever served a deposition notice or document demand. In opposing landlord’s second motion for summary judgment and cross-moving for an order compelling disclosure, tenant argued only, in the most conclusory way, that landlord had ignored the Civil Court’s August 20, 2012 order. Tenant did not attach any discovery demands, and he did not submit any proof that he had ever served discovery demands with which landlord had failed to comply. Indeed, the record reflects that landlord had never been obligated, by an order made pursuant to CPLR 3124, to comply with a discovery demand.
Even if discovery demands had been served, service of landlord’s motion for summary judgment stayed disclosure until the determination of the motion, since the Civil Court elected not to exercise its discretion to order otherwise (see CPLR 3214; Abrams v Renaissance Equity Holdings, LLC, 43 Misc 3d 57 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Tenant has failed to offer an evidentiary basis to suggest that discovery might lead to “facts essential to justify opposition” (CPLR 3212 [f]) or that facts essential to opposing the motion were exclusively within landlord’s knowledge and control (see Baron v Incorporated Vil. of Freeport, 143 AD2d 792 [1988]). Tenant did not even make this argument before the Civil Court. In any event, the mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion (see Kimyagarov v Nixon Taxi Corp., 45 AD3d 736 [2007]).
Accordingly, the final judgment is affirmed.