37-20 104th St. v Sanchez (2022 NY Slip Op 22259)

37-20 104th St. v Sanchez

2022 NY Slip Op 22259 [76 Misc 3d 23]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, November 9, 2022

[*1]

37-20 104th Street, Respondent,
v
Augustin Lopez Sanchez, Appellant, et al., Undertenants.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, July 22, 2022

APPEARANCES OF COUNSEL

The Legal Aid Society (Katie Redmon and Julia McNally of counsel) for appellant.
Golino Law Group (Santo Golino of counsel) for respondent.

{**76 Misc 3d at 24} OPINION OF THE COURT

Memorandum.

Ordered that the final judgment is affirmed, without costs.
In this nonpayment proceeding, the petition initially alleged, among other things, that the premises were subject to rent stabilization. Insofar as is relevant to this appeal, landlord subsequently moved to amend the petition to reflect that the premises were not subject to rent stabilization, alleging that the statement in the petition that the apartment was subject to rent stabilization was "merely a scriveners and/or editing error" and that the property was exempt from rent stabilization based on a substantial rehabilitation of the building. The proposed amended petition attached to the motion states, insofar as is relevant here, "The apartment is not subject to the NYC Emergency Rent Law or the Rent Stabilization Law of 1969, as amended, as it was constructed after January 1, 1974 and the building premises does not receive nor does it participate in a tax abatement program." Landlord's motion to amend the petition was granted. [*2]The parties later entered into a stipulation regarding tenant's request for discovery as to landlord's claim that the apartment was exempt from rent stabilization based on the alleged substantial rehabilitation. After a nonjury trial, by decision entered July 6, 2020, the Civil Court awarded landlord a final judgment of possession{**76 Misc 3d at 25} and the sum of $33,800 in rent arrears, finding that the subject building was not subject to rent stabilization as it had been converted from commercial use to residential. Pursuant to the decision, a final judgment was entered on July 8, 2020.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
[1] Pursuant to Rent Stabilization Code (9 NYCRR) § 2520.11 (e), certain housing accommodations in "buildings substantially rehabilitated as family units on or after January 1, 1974," are exempt from rent stabilization. Here, the Civil Court found that the subject building was exempt from rent stabilization based upon a substantial rehabilitation, as it was a conversion from a purely commercial space into a residential building (see Bartis v Harbor Tech, LLC, 147 AD3d 51, 60 [2016]; 22 CPS Owner LLC v Carter, 84 AD3d 456, 457 [2011]; 885 Park Ave. Brooklyn, LLC v Goddard, 55 Misc 3d 74, 76 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Upon a review of the record, we find no basis to disturb the court's finding (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d at 499).
[2] Tenant's objection on appeal to the sufficiency of the amended petition on the ground that the amended petition failed to plead landlord's proposed theory of deregulation does not implicate the court's subject matter jurisdiction and was waived by tenant's failure to raise the objection at any time during the trial proceedings (see 433 W. Assoc. v Murdock, 276 AD2d 360, 360-361 [2000]; Hernco, LLC v Hernandez, 46 Misc 3d 137[A], 2015 NY Slip Op 50062[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Paris Lic Realty, LLC v Vertex, LLC, 41 Misc 3d 145[A], 2013 NY Slip Op 52074[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). In any event, the alleged omission does not warrant dismissal of the proceeding, as the record demonstrates that tenant was aware of landlord's claim that the building was exempt from rent stabilization{**76 Misc 3d at 26} based on a substantial rehabilitation and was prepared to litigate on that issue, and was therefore not prejudiced by the alleged defect in the amended petition (see M & Z Assoc. 1, LLC v Union Nature, LLC, 53 Misc 3d 145[A], 2016 NY Slip Op 51597[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; 17th Holding v Rivera, 195 Misc 2d 531, 532-533 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]; Paikoff v Harris, 185 Misc 2d 372, 376 [App Term, 2d Dept, 2d & 11th Jud Dists 1999]).
Accordingly, the final judgment is affirmed.

[*3]
Toussaint, J. (dissenting and voting to reverse the final judgment and order a new trial in the following memorandum). At a nonjury trial, landlord offered no evidence that the subject premises were constructed after January 1, 1974. Landlord testified that the building underwent a gut renovation after landlord purchased it, and, therefore, was exempt from rent stabilization laws. This theory was not pleaded in the amended petition. Pursuant to RPAPL 741 (4), every petition must state the facts upon which the special proceeding is based. The basic facts which must be stated include the regulatory status of the building. "Where a tenancy is subject to a specific form of regulation, the petition must set forth the tenant's regulatory status, because this status may determine the scope of the tenant's rights" (Henry v Kingsberry, 66 Misc 3d 143[A], 2020 NY Slip Op 50175[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). This requirement includes a landlord's proposed theory of deregulation (see id.).
The trial court determined that the premises were not subject to the Rent Stabilization Law, as the building was converted from commercial use to residential use, and that any residential use of the second floor at the time of the purchase by landlord was unlawful. These findings are unsupported by the evidence. A document in evidence entitled "certificate of occupancy search" provided the following description of the premises: "Old building erected prior to enforcement of Certificate of Occupancy regulations . . . COMPLETED 7/12/1922 TWO STORY BUILDING; STORE AND TWO FAMILY DWELLING." In addition, landlord testified that, at the time of the purchase, the building contained a residential apartment. Documentary evidence revealed that a tenant from this residential apartment was evicted by landlord in 2015, subsequent to the purchase of the premises, even though landlord denied knowing anything about an eviction proceeding.{**76 Misc 3d at 27}
The substantial rehabilitation exemption under the Rent Stabilization Code is applicable only "when deteriorated housing stock is restored to good condition, not when decent housing stock is improved by enlargement, reconfiguration and remodeling" (81 Russell St. Assoc. v Scott, 163 Misc 2d 984, 986 [App Term, 2d Dept, 2d & 11th Jud Dists 1995]). The court in 81 Russell St. Assoc. further held that a landlord seeking this exemption must establish the preexisting condition of the building and the reason that the building was vacant. Here, landlord produced no records demonstrating the condition of the premises prior to the renovation. Further, the tenant residing in the premises at the time the property was purchased was evicted by landlord shortly thereafter. The evidence at trial, which consisted primarily of landlord's conclusory statements, was insufficient to support the trial court's finding that the premises were exempt from rent stabilization based upon a substantial rehabilitation (see 325 Melrose, LLC v Bloemendall, 65 Misc 3d 43 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]).
Accordingly, I vote to reverse the final judgment and order a new trial.
Aliotta, P.J., and Golia, J., concur; Toussaint, J., dissents in a separate memorandum.