Bari v Plaza Auto Mall (2025 NY Slip Op 51976(U))

[*1]

Bari v Plaza Auto Mall

2025 NY Slip Op 51976(U)

Decided on December 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2024-1058 K C

Lenny Bari, Respondent,
against
Plaza Auto Mall, Appellant. 

Sean R. Smith, for appellant.
Lenny Bari, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Delsia G. Marshall, J.), entered August 7, 2024. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $8,173.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
In this action, plaintiff seeks to recover the principal sum of $25,000, based on defendant's allegedly defective repairs to plaintiff's Hyundai vehicle. In an order entered January 19, 2024, the Civil Court (Odessa Kennedy, J.) consolidated a previously commenced Small Claims action between the parties, Bari v Plaza Auto Mall (index No. SC-001863-21/KI), into the instant action (index No. CV-001302-23/KI).
At a nonjury trial of the action, it was established that the engine of the vehicle had been replaced in 2019, when it had approximately 137,000 miles on the odometer. Plaintiff thereafter inherited the vehicle. In early August 2021, when the vehicle had approximately 197,000 miles on the odometer, the check engine light went on. Plaintiff brought the vehicle to defendant. Initially, defendant changed the air filter, aligned the wheels, and replaced a sensor. On August 26, 2021, after the check engine light again went on, defendant charged plaintiff $1,173 to replace the fuel injector assembly, two fuel injectors, and two spark plugs. Plaintiff testified that the check engine light went on again, that defendant then replaced a coil in his vehicle, using a Kia coil rather than a Hyundai coil, and that, almost immediately thereafter, the vehicle backfired and smoke emitted from its tailpipe. In September 2021, after the check engine light went on again, defendant replaced the engine, at a cost of $7,000. That engine was under warranty, and, when it subsequently failed, defendant replaced the failed engine without charge. At the August 2024 trial, plaintiff testified that the engine was still running and that the vehicle had recently [*2]passed an inspection.
Plaintiff suggested that the problems with the engine had been caused by defendant's use of a Kia, rather than a Hyundai, coil. However, he did not testify as to the part number that had been used, and the testimony of plaintiff's expert mechanic was not inconsistent with that of defendant's expert mechanic, who opined that it would be acceptable to replace a Hyundai coil with a Kia coil as long as the same part number is used. Plaintiff's expert characterized plaintiff's vehicle as having "high mileage," testified that many things can go wrong with a high mileage vehicle, and said that he was unable to determine what had caused the problems with plaintiff's vehicle; nor did he offer any testimony respecting the purported inadequacy of defendant's repairs. Following the trial, the Civil Court (Delsia G. Marshall, J.) entered a judgment on August 7, 2024 awarding plaintiff the principal sum of $8,173, upon a finding that defendant had negligently repaired plaintiff's vehicle.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the trial judge had the advantage of observing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; see also Sanders v US 1 Laffey Real Estate Corp., 231 AD3d 760, 761-762 [2024]; 37-20 104th St. v Sanchez, 76 Misc 3d 23, 25 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). As plaintiff failed to establish, prima facie, that defendant's repairs to his vehicle were inadequate, we conclude that he failed to establish his entitlement to a judgment.
We reach no other issue.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
MUNDY and QUIÑONES, JJ., concur.
TOUSSAINT, P.J., taking no part.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 5, 2025