CHARLES RUBIN and Another, Respondents, *v.* JACOB JOSEPH, Appellant.

Second Department, January 8, 1926.

Mortgages — action to cancel bond and mortgage given in consideration of agreement by defendant to marry plaintiff's daughter — marriage was annulled on ground of physical incapacity of defendant — final judgment in annulment action has been entered — said judgment is conclusive on defendant — marriage was void ab initio — bond and mortgage properly canceled.

A bond and mortgage executed by the plaintiffs to the defendant under an agreement whereby the mortgage was to be given in consideration that the defendant would marry the plaintiffs' daughter will be canceled, since it appears that while the marriage ceremony was performed and the parties lived together for two years, the marriage was subsequently annulled on the ground of the physical incapacity of the defendant, and that final judgment has been entered in the annulment action.

The final judgment in the annulment action is conclusive on the defendant as to his physical incapacity and the effect of that judgment is that the marriage was void *ab initio* and, therefore, the defendant never complied with his agreement.

APPEAL by the defendant, Jacob Joseph, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 12th day of May, 1925, upon the decision of the court rendered after a trial at the Kings Special Term.

*Samuel Mandelbaum* [*Max L. Finkelstein* with him on the brief], for the appellant.

*David Goldstein* [*Arthur N. Seiff* with him on the brief], for the respondents.

MANNING, J.    The action was brought in equity to obtain the cancellation of a certain bond and mortgage which had been given by the plaintiffs to the defendant in consideration of the defendant's agreeing to marry the plaintiffs' daughter.    The suit was commenced in July, 1923, and first came to trial in March, 1924.    The result of that trial was a judgment in favor of the plaintiffs, from which judgment an appeal was taken to our court.    We reversed the judgment upon the law and granted a new trial.    In reversing, we said: " Plaintiffs, upon the trial, relied entirely upon the interlocutory judgment in the annulment suit to prove the physical

incapacity of the defendant. The final judgment had in fact not then been entered, and the interlocutory judgment was not *res adjudicata* against the defendant upon this question." (211 App. Div. 871.)

After our reversal and before the new trial, a final judgment was entered annulling the marriage on the ground of the impotence of the defendant; and so the situation which was apparent at the time we reversed the prior judgment was entirely cleared up.

The facts are undisputed. On May 29, 1922, Kate Rubin, the daughter of the plaintiffs, married the defendant. Prior thereto, and on the 7th day of April, 1922, the defendant entered into an agreement with the plaintiffs whereby the latter gave to him a bond and mortgage for $5,000, conditioned on a wedding taking place between the defendant and the plaintiffs' daughter.

Upon the trial, on the part of the plaintiffs, there was offered in evidence the final judgment roll in the annulment action between the plaintiffs' daughter and the defendant, the judgment being entered July 1, 1924, in the Supreme Court, Kings county; and this, with the introduction of the bond and mortgage in evidence, the concession by the attorney for the defendant that the plaintiffs did not receive any other consideration for the bond and mortgage and that the marriage was the only consideration contemplated therefor, together with the concession by the defendant's attorney that the defendant in the annulment suit was the same person as the defendant in the present action, the plaintiff rested. The defendant appears to have rested without introducing any evidence at all.

The appellant moved to dismiss the complaint on the ground that there was no proof of the impotency of defendant or fraud. The motion was denied. The court then rendered a judgment for the respondents, canceling and discharging the agreement entered into on the 7th of April, 1922, canceling the bond of $5,000 and directing the surrender of the bond and mortgage and discharging the mortgage of record.

The appellant on this appeal makes two points: *First*, that the reception of the annulment decree by the trial court was incompetent; and *second*, that there was consideration for the bond and mortgage.

My opinion is that the judgment rendered by the trial court was entirely correct. The defendant admits that the marriage of the plaintiffs' daughter and himself was the sole consideration contemplated between the parties for the giving of the bond and mortgage in question. The bond and mortgage were delivered to the defendant on April 8, 1922, before the marriage took place, in pursuance of an agreement between the parties interested in

this controversy that the defendant was to marry the plaintiffs' daughter in consideration of the bond and mortgage. It is undisputed that thereafter a marriage ceremony was performed between the defendant and the plaintiffs' daughter. It is clearly shown that at the time the defendant married the plaintiffs' daughter he was physically incapable of entering into the marital state and that such incapacity continued and is incurable, and that as a result of the incapacity of the defendant the marriage between the defendant and the plaintiffs' daughter was annulled by a final decree of annulment, entered on July 1, 1924. The defendant in this action was the defendant in the annulment suit and appeared in and defended it. Consequently the decree in the annulment action is conclusive against him in the present action. (See *Tolmie* v. *Fidelity & Casualty Co.*, 95 App. Div. 352; *Mayor, etc.*, v. *Brady*, 151 N. Y. 611.)

The appellant claims that since there was a marriage ceremony between himself and the plaintiffs' daughter and the marital relation continued for two years before it was annulled by the final judgment, and since there was no evidence of fraud or misrepresentation on the part of the defendant, the bond and mortgage, having been given for this same marriage, which was consummated, cannot be canceled by any action on the part of the plaintiffs. He says that the bond and mortgage became a valid gift and was irrevocable. His argument in support of these propositions is that a marriage is void only from the time its nullity is declared by a court of competent jurisdiction if either party is incapable of entering into the married state from physical cause.

I cannot agree with the appellant in his construction of the law. (See *Matter of Moncrief*, 235 N. Y. 390; *Price* v. *Price*, 124 id. 589; *Jones* v. *Brinsmade,* 183 id. 258.) In the *Moncrief Case* (*supra*) the court said: " As we have seen a void marriage is void for all purposes from its inception. All that was meant was that no longer might husband and wife upon their own responsibility determine that they were free from the contract. Such a determination required the concurrence of the court. Only when that was obtained did the marriage become void. But when it was obtained the marriage was nullified and all the consequences of a void marriage then followed."

At page 397 the court further said: " The very purpose of the revisers was to require a decree before the marriage was treated as void. It was not to be void but only voidable before the decree was obtained. That is all that such statements mean. But when the marriage was once held void it is as if it had never been."

At the time of the delivery of the bond and mortgage the appel-

lant signed the following statement: "The bond and mortgage delivered to me this day signed by Charles and Bertha Rubin on April 8, 1922 is given to me as a wedding present in the event of a wedding taking place between me and his daughter Kate not later than September 1st, 1922."

To construe this agreement as the appellant would have us do would, in my opinion, do violence to the very spirit and intent of the document signed by the defendant. The consideration for which the plaintiffs bargained and expected and to which they were legally and morally entitled never materialized. All that did happen was an empty ceremony and not a marriage as it is universally understood and accepted. The court having annulled the asserted marriage between the plaintiffs' daughter and the defendant, and having solemnly decreed that the marriage was void, there is no escape from the legal situation as declared by the Court of Appeals. The marriage was void from the very beginning and, in fact, the situation is one where it appears that no valid marriage had ever taken place.

The judgment is right, and I suggest an affirmance thereof, with costs.

KELLY, P. J., RICH, JAYCOX and YOUNG, JJ., concur.

Judgment unanimously affirmed, with costs.