Per Curiam.

In this summary proceeding respondent landlord
is seeking to evict tenant appellant on grounds that (1) use of her washing machine constituted a substantial violation of the lease; (2) that a nuisance was committed by tenant in that machine was negligently operated in such a manner as to cause same to overflow on several occasions and/or she deliberately and repeatedly discarded debris from her apartment windows, and (3) that waste was committed by this tenant in that she deliberately cut the building plumbing lines. Maintenance of a washing machine absent any agreement in the lease to the contrary, is not a substantial violation of appellants ’ tenancy (Fan-child Investors v. Cohen, 43 Misc 2d 39; A & B Cabrini Realty Co. v. Newman, 237 N. Y. S. 2d 970). Nor does the record sufficiently indicate that use of said machine overburdened the plumbing lines or electrical outlets, or otherwise constituted a nuisance. Moreover, the record has not established that said other acts of misconduct allegedly committed by this tenant were persistent or continuous (cf. Matter of Kaufman v. Hammer, 49 Misc 2d 773). Landlord has thus failed in its offer of proof with respect to the grounds for relief enumerated as (1) and (2) herein. It is further alleged that tenant committed waste and damaged or caused injury to the leasehold. This fact was apparently discovered in the winter of 1969-1970. The instant proceeding was commenced December 15, 1970 ; therefore, the claim of “ waste ” is untenable in view of the statutory requirement that an eviction upon such ground may be had only where the act complained of occurred within the three-month period immediately prior to the commencement thereof (Administrative Code of City of New York, § Y51-6.0, subd. a, par. [1]). The tenant appellant has not raised this point, but such silence cannot constitute a waiver or estoppel under a law which forbids a tenant’s waiver of rights (Administrative Code, § Y51-6.90, subd. a, par. [1]; § Y51-10.0; Rent, Eviction and Rehabilitation Regulations, § 17; Matter of Colton v. Berman, 21 N Y 2d 322, 337). Under the circumstances, the instant petition must be dismissed. This is, of course, without prejudice to any rights respondent may have to recover damages for the alleged injury. We need not, however, pass upon the merits of that controversy at this time.
*808 Accordingly, the final order and judgment of possession should be reversed. Petition should be dismissed, with $30 costs to respondents-appellants.
Concur — Streit, J. P., Lupiano and Markowitz, JJ.
Pinal order and judgment reversed, etc.