OPINION OF THE COURT
Memorandum.
*3 Appeal from that portion of the order that set tenant’s application for sanctions down for a hearing unanimously dismissed.
That portion of the order which granted tenant’s motion to dismiss modified by providing that tenant’s motion to dismiss is granted only with respect to the first and second grounds asserted in the notice of termination dated December 24, 2001 and is further granted to the extent of directing that a traverse hearing be held with respect to the service issues. As so modified, order affirmed without costs.
We agree with the Civil Court that the first ground asserted in the notice of termination — that tenant broke the door of apartment 2F and installed his friend therein — was litigated and determined adversely to landlord in the prior holdover proceeding and is barred by res judicata.
The second ground asserted in the notice — that tenant installed a washing machine without landlord’s permission and uses hot water — is dismissed for failure to state a cause of action. The “[mjaintenance of a washing machine absent any agreement in the lease to the contrary is not a substantial violation of the tenancy” (Nathan Hale Gardens v Letzt, 46 AD2d 611, 612 [1974]; see Akos Realty Corp. v Hixon, 70 Misc 2d 806 [1972]), and landlord has failed to allege facts showing that tenant’s use of the machine has created a nuisance.
Contrary to the Civil Court’s ruling, the third and fourth grounds asserted in the notice, involving, inter alia, a claim of wilful damage to the apartment, are alleged to involve incidents occurring after the prior holdover proceeding and are not barred by res judicata.
Landlord’s failure to plead that the tenancy is rent stabilized — asserted by the Civil Court to constitute an additional basis for dismissal — does not in our view warrant that result. It is evident that the omission to make this required allegation was the product of landlord’s lack of awareness of the pleading requirement. Further, the omission caused no prejudice to tenant, who, having just recently stipulated with landlord that a rent-stabilized renewal lease would be given, was fully aware of his regulatory status and was ably represented by counsel. In these circumstances, the defect should be ignored and the petition deemed amended to make the required allegation (CPLR 3026; Villas of Forest Hills Co. v Lumberger, 128 AD2d 701 [1987]; 17th Holding v Rivera, 195 Misc 2d 531 [App Term, 2d Dept 2002]).
*4 Inasmuch as tenant has controverted the claims made in the affidavits of service, a traverse hearing is directed with respect to the service issues.
Landlord’s appeal from that portion of the order which set tenant’s application for sanctions down for a hearing is dismissed because no appeal lies as of right from that portion of the order (Stewart v Nassau County, 120 AD2d 516 [1986]; Manufacturers Hanover Trust Co. v Porcelli, 111 AD2d 175 [1985]).
Finally, while we do not have to reach the issue of the adequacy of the notice of termination, as it is addressed by the dissent, we note that contrary to the view advanced in the dissenting opinion, the notice of termination satisfied the requirements of section 2524.2 (b) of the Rent Stabilization Code (9 NYCRR) in that it adequately apprised tenant of the grounds for the proceeding and of the facts necessary to establish the existence of these grounds, as well as the date when tenant was required to surrender possession. The failure to set forth therein the section of the Rent Stabilization Code relied upon by landlord is not a fatal defect under these circumstances (see generally Hughes v Lenox Hill Hosp., 226 AD2d 4, 18 [1996]).
Rios, J., dissents in part and votes to affirm the order dismissing the holdover petition in the following memorandum: While I agree that the portion of the order setting tenant’s application for sanctions down for a hearing must be dismissed, I would affirm the portion of the order granting the motion to dismiss the summary holdover proceeding. The respondent is a rent-stabilized tenant who was entitled to a notice of termination in conformity with the requirements of section 2524.2 of the Rent Stabilization Code (9 NYCRR).
The service of a proper notice of intention to terminate occupancy is a condition precedent to the termination of the lease (Chinatown Apts, v Chu Cho Lam, 51 NY2d 786 [1980]).
Accordingly, the holdover petition was properly dismissed.
Patterson, J.E, and Golia, J., concur; Rios, J., dissents in part in a separate memorandum.