OPINION OF THE COURT
Joseph E. Capella, J.
In this nonprimary residence holdover proceeding, the petitioner seeks, by notice of motion dated May 11, 2004, leave *462 of court to engage in discovery and amend the petition to correct a typographical error.[1] By notice of cross motion dated June 21, 2004, the respondents oppose the petitioner’s request and also seek dismissal of the proceeding (CPLR 3211) and/or summary judgment (CPLR 3212). Before addressing the petitioner’s motion, this court will first address respondents’ cross motion for dismissal. According to the respondents, the petitioner is prohibited from maintaining this proceeding as it failed to comply with the publication requirements of Limited Liability Company Law § 206, which provides as follows:
“Failure to cause such notice to be published and to file such proof within [120] days of the effective date of the articles shall prohibit the [LLC] from maintaining any action or special proceeding in this state unless and until such [LLC] causes such notice to be published and files such proof of publication.”
The petitioner does not dispute that it failed to comply with the publication requirements. Instead, the petitioner states that it is currently in the process of curing the failure and should be in compliance by next month, September 2004.[2]
Although there is case law regarding the constitutionality of Limited Liability Company Law § 206 (Barklee Realty Co. v Pataki, 309 AD2d 310 [1st Dept 2003]), there appears to be no New York authority on whether a limited liability company can cure a publication defect after having commenced a proceeding. In Barklee, the Court noted that
“section 206, rather than being extraordinary in any way, is typical of similar laws in New York and elsewhere that condition access to state courts on compliance with various administrative requirements. For example, Business Corporation Law § 1312 provides that a foreign corporation doing business in this state without authority shall not maintain any action in this state until it has been authorized to do business in this state and has paid all fees, penalties and franchise taxes for the years it did business in this state without authority.” (309 AD2d at 315-316, supra.)
There is New York authority, however, which holds that Business Corporation Law § 1312 neither precludes a foreign corporation doing business in this state without authority from *463 commencing an action, nor does it require the immediate dismissal of an action that has already been instituted; upon compliance with Business Corporation Law § 1312, an action previously commenced may be maintained. (Oxford Paper Co. v S.M. Liquidation Co., 45 Misc 2d 612 [Sup Ct, NY County 1965]; see also, McIntosh Bldrs. v Ball, 247 AD2d 103 [3d Dept 1998].)
In the area of residential landlord-tenant law, the statutory requirements of Multiple Dwelling Law § 325 (2), which provides that an owner who fails to properly register a multiple dwelling cannot maintain a summary eviction proceeding, is somewhat analogous. Here, too, you will find New York authority which holds that Multiple Dwelling Law § 325 (2) does not require an owner to forever forfeit the rent due from the period of noncompliance; instead, the proceeding may be stayed until compliance is complete. (128 E. 83rd St. Co. v Kagan, NYLJ, Oct. 6, 1987, at 14, col 1 [App Term, 1st Dept].) Given the aforementioned and the plain language of Limited Liability Company Law § 206, this court is satisfied that the petitioner was not precluded from commencing the instant proceeding, and is entitled to cure the publication defect. Therefore, the respondents’ cross motion for dismissal is denied.
As for the motion by the petitioner, given the presumption in favor of discovery in nonprimary residence proceedings and the ample need shown by the petitioner, the request for discovery is granted. (New York Univ. v Farkas, 121 Misc 2d 643 [Civ Ct, NY County 1983].) However, as was discussed during oral argument, the parties agreed that the relevant period in question is two years prior to commencement of the instant proceeding, and the respondents may redact the following from the documents produced: Social Security and account numbers and dollar amounts. The additional request to amend the petition to reflect the correct spelling of the petitioner’s name, “acquisition AMERICA VI, LLc” and not “ACQUISITION AMERICA XI, LLC,” ÍS also granted. (CPLR 3025 [b].) Therefore, as the petitioner’s motion is granted, the proceeding is marked off the calendar pending discovery.

. The petitioner’s name on the notice of petition is correct; however, the petition erroneously reads “ACQUISITION AMERICA XI, LLC.”

. The specific compliance date was disclosed during oral argument.