■ HORIZON BANCORP, Respondent, v JEAN FRANCOIS POMPEE, Appellant, et al., Defendants. [918 NYS2d 574]—

The Supreme Court correctly determined that the plaintiff established its prima facie entitlement to judgment as a matter of law, in effect, on the issue of liability by setting forth evidence of the existence of a promissory note and a related mortgage referable to the subject property, its ownership of the mortgage, and the default of the defendant Jean Francois Pompee (hereinafter the defendant) in his repayment of the obligation memorialized by the note and mortgage (*see Campaign v Barba*, 23 AD3d 327 [2005]; *Household Fin. Realty Corp. of N.Y. v Winn*, 19 AD3d 545, 546 [2005]; *Sears Mtge. Corp. v Yaghobi*, 19 AD3d 402, 403 [2005]).

The defendant contends that Business Corporation Law § 1312 (a) prohibits the plaintiff, a Nevada corporation that was without authority to do business in New York when it commenced this action, from maintaining this action. However, the plaintiff resolved any issue with respect to its capacity to maintain this action by filing for and obtaining authority to do business in New York pursuant to Business Corporation Law § 1304 (a) (*see Showcase Limousine v Carey*, 269 AD2d 133 [2000], *mod* 273 AD2d 20 [2000]; *Uribe v Merchants Bank of N.Y.*, 266 AD2d 21, 22 [1999]; *Tri-Terminal Corp. v CITC Indus.*, 78 AD2d 609 [1980]; *see also Matter of Mobilevision Med. Imaging Servs., LLC v Sinai Diagnostic & Interventional Radiology, P.C.*, 66 AD3d 685, 686 [2009]).

Since the defendant failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the Supreme Court properly granted the plaintiff's motion for summary judgment, in effect, on the issue of liability.

The defendant's remaining contentions are without merit or have been rendered academic in light of our determination. Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.