OPINION OF THE COURT
Per Curiam.
Order, entered August 20, 2013, affirmed, with $10 costs.
We reject, as did Civil Court, the technical arguments advanced by tenant-appellant in support of her cross motion to dismiss the within nonprimary residence holdover summary proceeding. Neither the record tenant nor her husband, respondent Novak, may now be heard to argue that the combined notice of lease nonrenewal and termination timely served upon tenant was not a proper predicate for landlord’s eviction claim. The relevant notice provisions of the Rent Stabilization Code (see 9 NYCRR 2524.2 [c] [2]; 2524.4 [c]) are expressly made applicable only to a tenant. An occupant who is not a party to a lease agreement need not be served with the prescribed notices (see generally 170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339-340 [1991]), and this rule obtains even where the occupant is the spouse of the record tenant (see Katz Park Ave. Corp. v Olden, 158 Misc 2d 541, 546 [1993]). Tenant’s contention that landlord improperly denied her (vaguely described) requests to add her husband’s name to one or more prior renewal leases (see Rent Stabilization Code [9 NYCRR] § 2522.5 [g]) is stated in the most conclusory of terms and, in any event, tenant, so far as appears, executed and ratified each of the prior lease renewals and eschewed whatever remedy may have been available to her in another forum, at another time. To the extent that Chudnoff v Collura (36 Misc 3d 1223[A], 2012 NY Slip Op 51432[U] [Civ Ct, NY County 2012]) can be read to support a contrary result, it should not be followed.
*32 We need not tarry long in disposing of tenant’s remaining points. Tenant failed to come forward with any factually specific, detailed evidence to rebut the presumption of valid service created by the landlord’s process server’s affidavit (see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC, 111 AD3d 800, 800 [2013]). No violation of any local law or administrative rules regulating the licensure or conduct of process servers (see Administrative Code of City of NY § 20-410; 6 RCNY 2-233 [b]) was shown on this record, and certainly none that would serve to invalidate the landlord’s otherwise valid service of process (see Feierstein v Mullan, 120 Misc 2d 574, 574 [1983]). Nor does any purported failure on the landlord’s part to comply with the publishing requirements of Limited Liability Company Law § 206 constitute a jurisdictional defect requiring dismissal (see Acquisition Am. VI, LLC v Lamadore, 5 Misc 3d 461, 463 [2004]). Finally, tenant failed to raise a triable issue with respect to her (unpleaded) defense that landlord waived its right to prosecute its possessory claim by “retaining” tenant’s rent payments after terminating the tenancy but before commencing the proceeding, where the record shows that the landlord returned the payments to tenant without prejudicial delay (see ABN Assoc., LLC v Citizens Advice Bur., Inc., 27 Misc 3d 143[A], 2010 NY Slip Op 51075[U] [App Term, 1st Dept 2010]).
Schoenfeld, J.P., Shulman and Hunter, Jr., JJ., concur.