Cool NYC Apts. LLC, Petitioner-Landlord-Respondent, 
against
Nellie Witter, Respondent-Tenant, and Lisa Knight, Respondent-Undertenant-Appellant, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Respondent-undertenant Lisa Knight appeals from a final judgment of the Civil Court of the City of New York, New York County, (Cheryl J. Gonzales, J.), entered January 10, 2018, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Cheryl J. Gonzales, J.), entered January 10, 2018, affirmed, with $25 costs.
We agree with the trial court that landlord met its burden of establishing that the subject apartment was being used by appellant Knight, the now-deceased tenant's adult granddaughter, for illegal drug activities. The trial evidence established that the police obtained a warrant to search the subject apartment and recovered 37 ziplock bags containing marijuana, a digital scale, numerous empty zip-lock bags and $7,230 in cash. The arresting officer, based upon his extensive experience, characterized the marijuana as "packaged for sale" in "dime bags." In addition, tenant's granddaughter was arrested as a result of the search and subsequently pleaded guilty to a misdemeanor drug charge. These demonstrated facts warranted the conclusion that the subject apartment was being used for illegal purposes (see Matter of 88—09 Realty v Hill, 305 AD2d 409 [2003]). We also have no basis to disturb the court's credibility determinations, [*2]including its rejection of appellant's testimony that the drugs were solely for personal use as "self-serving" and "not credible,". 
We need not consider whether tenant knew or should have known of her granddaughter's illegal drug activity in the apartment and acquiesced in any such activity (see 855—79 LLC v Salas, 40 AD3d 553, 555 [2007]), since the parties stipulated prior to trial that any possessory judgment recovered would not be enforced against the then-centenarian tenant, who neither answered nor appeared at trial.
Even assuming appellant had standing to raise the issue of landlord's noncompliance with the notice requirements of New York City Rent & Eviction Regulations (9 NYCRR) § 2204.3 (but see 170 W 85th St. Tenants Assn. v Cruz, 173 AD2d 338 [1991]; 539 W 156, L.L.C. v Hernandez, 55 Misc 3d 144[A], 2017 NY Slip Op 50663[U] [App Term, 1st Dept 2017]; 1700 First Ave. LLC v Parsons—Novak, 46 Misc 3d 30 [App Term, 1st Dept 2014]; West End Assoc. v McGlone, 32 Misc 3d 145[A], 2011 NY Slip Op 51732[U] [App Term, 1st Dept 2011]), the defense was waived, since appellant failed to assert it in her answer or at any time during the trial proceedings (see Matter of 322 W. 47th St. HDFC v Loo, 153 AD3d 1143 [2017], lv dismissed 30 NY3d 1084 [2018]; 433 W. Assoc. v Murdock, 276 AD2d 360 [2000]; Goldman v Flynn, 57 Misc 3d 140[A], 2017 NY Slip Op 51345[U] [App Term, 1st Dept 2017]).
We have considered appellant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 24, 2018