Shoreview Holdings, LLC v Fernandez (2025 NY Slip Op 25277)

[*1]

Shoreview Holdings, LLC v Fernandez

2025 NY Slip Op 25277

Decided on December 22, 2025

Civil Court Of The City Of New York, Queens County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 22, 2025
Civil Court of the City of New York, Queens County

Shoreview Holdings, LLC, Petitioner,

against
Maria Fernandez et al., Respondent-Tenant.

Index No. 303618/2025 

For Petitioner: JSS LAW, P.C. Firm
1115 BROADWAY 
10TH FOOR
New York, New York 10010
For Respondent: New York Legal Assistance Group Firm
100 Pearl Street 
19th Floor
New York, New York 10004

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion:
Seq. 1: Notice of Motion (Dismissal) With Affirmations and Exhibit [NYSCEF Doc. No. 9-10, 12-16]; Petitioner's Opposition Affirmation and Exhibits [Doc. Nos. 17-18]; Reply Affirmation [Doc. No. 19].
Seq 2: Notice of Motion (Nunc Pro Tunc Relief) With Affirmation and Exhibit [NYSCEF Doc. Nos. 20-22].
After argument heard on December 2, 2025, the court finds as follows:
RELEVANT FACTS AND PROCEDURAL HISTORY
The petitioner in this holdover proceeding alleges it is a small landlord as defined in the Good Cause Eviction Law (GCEL) and that it served a 90-day notice terminating respondents' right to occupy the subject premises. (see NYSCEF Doc. No. 1). Only respondent Fernandez has appeared. She now moves to dismiss the proceeding on several grounds.
First, respondent argues that petitioner, a Limited Liability Company (LLC), failed to comply with the LLC law requiring publication of articles of organization and filing proof of same with the Department of State. This failure, respondent argues, means that petitioner cannot maintain this proceeding.
Next, respondent argues that the property sought to be recovered is not properly identified. Respondent alleges she rents a single room in the basement space and other occupants rent other rooms in the basement.
Respondent also argues that petitioner does not comply with GCEL's requirement that a "small [*2]landlord" provide the name of each owner of the subject premises and the number of other units [and their addresses] by each owner.
Finally, respondent argues that petitioner does not qualify for the "small landlord" exception to GCEL because its principal owns at least 11 units.
Petitioner submits an affidavit of publication that states that the LLC met the publication requirement in December 2024. (seeDoc. No. 18). As to description of the subject basement apartment, petitioner's agent (Vaughn) states it is one basement apartment, and the named respondents reside there. Vaughn also states petitioner owns just eight (8) units in total, listing each address and number of units therein. Finally, petitioner avers that it provided all information required by GCEL in the predicate notice and pleadings. (see Doc. No. 22)
In reply, respondent argues that petitioner filed proof of publication with the Department of State in August 2025, well after it commenced this case. Respondent reiterates its other arguments and argues that the court must disregard the Vaughn affirmation for its failure to comply with CPLR § 2106.

DISCUSSION
Failure to Comply with LLC Law
New York's Limited Liability Company law requires that the LLC publish notice of formation and file proof of such publication with the Department of State. (see NY Limit Liab Co § 206(a). Failure to timely comply "suspends" the LLC's "ability to carry on, conduct or transact any business in New York" and precludes the LLC from maintaining a special proceeding. (see Id.; Small Step Day Care, LLC v Broadway Bushwick Builders, L.P., 137 AD3d 1102, 1103 [2d Dept 2016]).
Critically, § 206(a), also states, in relevant part,
If, at any time following the suspension of a limited liability company's authority to carry on, conduct or transact business in this state pursuant to this subdivision, such limited liability company shall cause proof of publication in substantial compliance with the provisions (other than the one hundred twenty day period) of this subdivision, consisting of the certificate of publication of the limited liability company with the affidavits of publication of the newspapers annexed thereto, to be filed with the department of state, such suspension of such limited liability company's authority to carry on, conduct or transact business shall be annulled. (emphasis added).
Annulment is "the act of nullifying or making void." (Black's Law Dictionary, 7th Ed). In a marriage context, where the term is most used, an annulment voids the marriage from inception, making it as though the couple never married. (see Rubin v Joseph, 215 AD 91, 94 [2d Dept 1926]).
When something is nullified, it is made void or invalid. (Black's Law Dictionary, 7th Ed). Something annulled or voided has no legal effect. (see Id.; Sang Moo Cho v. N. Shore Flushing, Inc., 107 Misc 2d 1098, 1100 [Civ Ct, Queens County 1981]).
It follows that when an LLC eventually complies with the filing requirement, all suspensions, including the ability to maintain a civil proceeding, are voided.
To hold otherwise would render the legislature's use of the word "annulled" superfluous. Doing so would run afoul of basic statutory construction.
"It is well settled that in the interpretation of a statute we must assume that the Legislature did not deliberately place a phrase in the statute which was intended to serve no [*3]purpose and each word must be read and given a distinct and consistent meaning." (Rodriguez v Perales, 86 NY2d 361, 366 [1995]). Furthermore, where language "is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used." (see Buchbinder Tunick & Co. v Tax Appeals Tribunal of City of New York, 100 NY2d 389, 383 [2003]).
Per the affidavit of publication, petitioner was formed on or about June 27, 2022 and publication not completed until more than two years later on December 4, 2024. (see Doc. No. 18). Thus, petitioner clearly published (very) late. Filing with the department of state occurred even later.
Respondent cites to several cases where the court dismissed the proceeding for petitioner's failure to comply with § 206 publishing requirements.
In 109 Equities LLC v Smit, (2022 WL 17589545 [Civ Ct, Queens County 2022], the court cited to § 206(a), and to Small Step Day Care, LLC v Broadway Bushwick Builders, L.P., (137 AD3d 1102 [2d Dept 2016]), but did not grapple with what it means when something is "annulled."
Similarly, the petitioner in Hull Unique Equities LLC v Boone, (83 Misc 3d 1297(A) [Civ Ct, Kings County 2024]), provided no proof of [late] compliance with the publication requirement and the court did not address the statute's use of "annulled."
In One Stone Lending LLC v Alta Operations, LLC, (2020 WL 1077590 [Sup Ct, New York County 2020]), the plaintiff cured after the case commenced. The court focused on not wanting to set bad precedent by allowing post case commencement cure. It did not address the statute's "annulled" language.
Other courts have held the failure to publish is curable and, in fact, subsequent compliance with § 206 "warrants nunc pro tunc application averting dismissal." (2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp, 25 Misc 3d 1204(A), 3 [Sup Ct, Kings County 2007], aff'd 50 AD3d 1021 [2d Dept 2008]; Acquisition Am. VI, LLC v Lamadore, 5 Misc 3d 461, 462 [Civ Ct, New York County 2004]).
Recently, Judge Cohen similarly held, drawing a parallel between section § 206 and Business Corporation Law § 1312(a) (BCL). (see Rogers Realty LLC v McCallu, 87 Misc 3d 1227(A), 2 [Civ Ct, Kings County 2025]).
BCL § 1312(a) states that, in relevant part, "[a] foreign corporation doing business in this state without authority shall not maintain any action or special proceeding in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all fees and taxes imposed under the tax law or any related statute "
Courts have found that non-compliance with the BCL is not a jurisdictional impediment and that the proper course is to allow a cure. (see e.g. Horizon Bancorp v Pompee, 82 AD3d 935, 936 [2d Dept 2011]; Lew Beach Co. v Carlson, 77 AD3d 1127, 1128 [3d Dept 2010]; Tri-Terminal Corp. v CITC Industries, Inc., 78 AD2d 609, 609 [1st Dept 1980]).
Similarly, foreign LLCs are barred from maintaining proceedings unless they have received certificate of authority to do business in New York. (see NY Limit Liab Co § 808(a)).
These non-compliant foreign LLCs can also cure after commencement of a case. (see Mobilevision Med. Imaging Servs., LLC v Sinai Diagnostic & Interventional Radiology, P.C., 66 AD3d 685, 686 [2d Dept 2009] (petitioner "entitled to a reasonable opportunity to cure its noncompliance with the statute before dismissal of the proceeding should be considered"); Basile v Mulholland, 73 AD3d 597, 597 [1st Dept 2010] ("plaintiff LLC's failure to obtain a [*4]certificate of authority to do business in New York before initiating the action is not a fatal jurisdictional defect and such certificate has since been obtained"); OCFBrook Holdings, LLC v TKS Brooklyn Ctr. Holding, LLC, 84 Misc 3d 1234(A) [Sup Ct, Kings County 2024]).
Smit, Boone and Alta, of course, are not binding precedent. Small Step Day Care, LLC, cited in Smit, is another matter. There, the Appellate Division, Second Department held that the failure to comply with LLC law § 206 precluded bringing the action. (see 137 AD3d at 1103). In Small Step, however, there was not even late compliance with the publication requirement. (see Small Step's Memo of Law at 2014 WL 12968136).[FN1]

The only case cited in Small Step is Barklee Realty Co., LLC. v Pataki, (309 AD2d 310 [1st Dept 2003]). In upholding the constitutionality of § 206 filing requirements, Barklee mentions BCL § 1312, the foreign LLC law, both noted above, and other statutes that require administrative compliance for businesses to have access to the courts.
Upon compliance, the courts have allowed cases to continue even where the business was not in compliance at commencement.
General Business Law § 130, also noted in Barklee, requires any business doing business under an assumed name fulfill several filing requirements. § 130(9) bars access to the courts if the business fails to comply. However, "[t]he certificate is not jurisdictional, and may be amended prior to entry of any judgment." (Cohen v OrthoNet New York IPA, Inc., 19 AD3d 261, 261 [1st Dept 2005]; see also Pat Pellegrini Flooring Corp. v Serota, 20 Misc 3d 138(A) [App Term, 2d Dept 2008]).
These regulations all purport to bar non-compliant businesses form accessing the courts. Time and again, however, the courts have held that compliance can be accomplished after the fact [of commencing a case]. If the goal is compliance, this makes perfect sense. Indeed, in Barklee, the court notes that § 206, "which conditions the maintenance of an action or special proceeding on compliance with the publication requirement, provides an incentive to ensure that the required disclosure will be made." (see 309 AD2d at 316 [emphasis added).
In other words, once the compliance goal is reached, businesses should face no further penalty, including having to recommence proceedings.
This concept is not foreign to the Housing Court. Multiple Dwelling Law § 325 (MDL) and NYC Admin Code § 27-2097 require a current multiple dwelling registration (MDR) for a landlord recover rent. (see MDL § 325(2); 151 Daniel Low, LLC v Gassab, 43 Misc 3d 134(A) [App Term, 2d Dept 2014]).
In Chan v Adossa, 760 NYS2d 609, 612, ([App Term, 2d Dept 2003]), the court notes that the legislative intent of barring the recovery of rent during the period of non-compliance "was to foster compliance." Thus, the lack of registration, even at commencement of a non-payment proceeding, does not require dismissal, so long as the goal of compliance is achieved. (see Id.).
As petitioner has both published and filed proof of same with the department of state, it has the capacity to maintain this proceeding and the case can move forward. (see Doc. No. 18). Dismissal on this ground is denied.
[*5]Failure to Comply with CPLR § 2106
Before moving on to respondent's other arguments in favor of dismissal, the court must first address respondent's claim that the Vaughn affirmation, (see Doc. Nos. 17, 22), should be disregarded for its noncompliance with CPLR § 2106.
§ 2106 requires certain language in affirmations submitted in lieu of an affidavit. It is undisputed that the initial Vaughn affirmation does not have this language. (see Doc. No. 17). As such, it is a nullity. (see Great Lakes Ins. SE v Am. Steamship Owners Mut. Prot. & Indem. Ass'n Inc., 228 AD3d 429, 429 [1st Dept 2024]; Lewis v Hibbert, 87 Misc 3d 129(A), 1 [App Term, 1st Dept 2025]).
Petitioner, however, has moved to correct this error. (see Doc. Nos. 20-22). Prevailing case law allows correction by amendment or in reply. (see Kallo v Kane St. Synagogue, 241 AD3d 522, 524 [2d Dept 2025]) (CPLR § 2001 allows court to overlook initial non-compliance with CPLR § 2106 if correction made in reply)). Consequently, petitioner's motion to correct the Vaughn affirmation so that it complies with CPLR § 2106 is granted.[FN2]

At this point the court must mention that respondent's own affirmation runs afoul of§ 2106 requirements. Indeed, while respondent submitted two affirmations,[FN3]
both submissions are non-compliant with § 2106. (see Doc. Nos. 10, 16). As such, it is respondent's affirmation that was, and remains, a nullity.[FN4]

Misdescription of the Premises
There being no admissible affirmation from respondent, the allegation that the premises are misdescribed has no support. If the court were to overlook the § 2106 violation, the outcome is the same. Respondent's allegation of independent tenancies in the basement is entirely conclusory and self-serving, with no independent proof of same. (see Doc. No. 16). Petitioner, on the other hand, affirms that the premises are one basement apartment. At best this is a triable issue.
The court notes that nowhere does respondent claim that the description of the premises in the pleadings misled her. In any event, this type of alleged misdescription, if true, is amendable. (see 191 Chrystie, LLC v Sonnier, 21 Misc 3d 144(A) [App Term, 1st Dept. 2008] (misdescription amendable where tenant not materially misled, confused, or hindered in the preparation of his defense); see also 179 St. Realty LLC v Morales, 83 Misc 3d 1201(A), 2 [Civ Ct, Queens County 2024] (description of "Apartment Basement" when there were two basement [*6]apartments could be amended)).[FN5]

Petitioner Owns More Than Ten (10) Units
To take advantage of the "small landlord" exception to GCEL, a landlord cannot own more than ten (10) units in New York. (see RPL § 211(3)(a); Munjal v Ziebke, 87 Misc 3d 956 [Civ Ct, New York County 2025]). The argument that petitioner owns more than (10) units rests on respondent's unsupported allegation that the subject premises has five (5) independent units, (see Doc. No. 16). Thus, even if the court were to consider the defective affirmation, respondent does not establish that petitioner owns more than (10) units.
Petitioner's principal affirms that he owns a total of eight (8) units, including the subject basement unit. At best, this is a triable issue. (see Sokol v Leader, 74 AD3d 1180, 1182 [2d Dept 2010] (affidavits ... "will almost never warrant dismissal under CPLR § 3211 unless they can 'establish conclusively that [the plaintiff] has no cause of action'"), quoting Rovello v. Orofino Realty Co., 40 NY2d 633, 636 [1976]; Lawrence v Miller, 11 NY3d 588, 595 [2008]; Bianco v Law Offices of Yuri Prakhin, 189 AD3d 1326 [2d Dept 2020]). 
Failure to Name All Owners and Their Properties
When a petitioner claims the "small landlord" exception to GCEL, they are required to provide the name of each owner of the subject property, the number of other units owned and the address of these other units. (see RPL § 214(1); Parco as Tr. of Gardine Premises Tr. v Fisch, 87 Misc 3d 1231(A) [Civ Ct, Kings County 2025]).
Here, the predicate notice and the petition both do not provide this additional information, while claiming the exception. Respondent insists that dismissal is required because the information was not in the predicate notice, citing to two unpublished cases. (see Doc. No. 11, par. 47).
These cases are distinguishable.[FN6]
Charles v Green (Index No. 1620/24) is not relevant. The order dismissing the case is two sentence long. (see Doc. No. 7 under that index). It appears that there was no claimed exception to GCEL in that case and that no GCEL required rider was served. (see Doc. No. 2 under that index). 66-86 80th Street LLC v Robles (Index No. 31574-24), is also of little use as the predicate notice there does not claim any exception to GCEL. (see Doc. No. 5 under that index).
The gravamen of respondent's argument is that the predicate notice must list the required additional information. The court, however, will not read into the statute words that are not there. (see People v Corr, 42 NY3d 668, 673 [2024]). The legislature saw fit to amend RPAPL § 741 to require that the additional information be incorporated or appended to petitions, (see RPAPL § 741(5-b), but was not similarly unequivocal about predicate notices.
As such, the failure to include this additional information in the predicate notice is not grounds for dismissal.[FN7]

Respondent also moves to dismiss for petitioner's failure to include the additional [*7]information in the petition.
A petition that fails to comply with GCEL's pleading requirements can be amended. (see Inga v Revenco, 86 Misc 3d 1210[A], *4-5 [Civ Ct, Kings County 2025]; Sin Hang Lau v Yun He Zheng, 225 NYS3d 854, 858-859 [Civ Ct, Kings County 2025]; Barretta v Parilla, 85 Misc 3d 1222[A], *2 [Civ Ct, Queens County 2025]); Parco as Tr. of Gardine Premises Tr. v Fisch, 87 Misc 3d 1231(A). Even sua sponte amendment after trial has been endorsed. (see 47-05 Ctr. SPE L.L.C. v Hack, 87 Misc 3d 898, n. 1 [Civ Ct, Queens County 2025]).
Here, petitioner has provided the additional information, albeit late. In the absence of any prejudice this is allowed.[FN8]
Respondent, for her part, does not claim any prejudice, even if the court were to credit her affirmation. (see 37-20 104th Street v. Sanchez, 76 Misc 3d 23, 25-26, 173 N.Y.S.3d 826 [App Term, 2d Dept, 2nd, 11th, & 13th Jud. Dists 2022] [finding no prejudice where the tenant was prepared to litigate issues]).
To the extent that amendment is required, the court may deem a petition amended. (see e.g. Shahid v Ansari, 2 Misc 3d 1, 3 [App Term, 2d Dept, 2 & 11 Jud Dists 2003] (petition "deemed" amended to plead rent stabilization).

CONCLUSION

Based on the foregoing, respondent's motion to dismiss the proceeding is denied in all respects. Petitioner's motion to file an amended affirmation that complies with CPLR 2106 is granted. The court sua sponte amends the petition to reflect the other properties owned by petitioner and their addresses.
The case is adjourned to January 16, 2025 for a final settlement conference in Part B, Room 403, at 9:30 AM. If the case does not settle, it may be referred to trial.
This constitutes the decision and order of the court. It will be posted on NYSCEF. 
Dated: December 22, 2025
So Ordered,
Queens, New York 
HON. SHORAB IBRAHIM 
Judge, Housing Part

Footnotes

Footnote 1:Small Step's argument was that while the publication never happened, the defect should be excused because of unclean hands [alleging that one of the defendants was responsible to carry out the publication].

Footnote 2:On another note, the court cautions counsel that client affirmations should state facts. They should not make legal arguments with citations, as the Vaughn affirmation does. (see Matter of Foreclosure of Tax Liens by Cnty. of Essex, 195 AD3d 1187, 1187 [3d Dept 2021], citing In re Taylor, 265 AD 858, 858 [2d Dept 1942]). However, this may be overlooked. (see e.g. Wider v Heritage Maint., Inc., 14 Misc 3d 963, 966 [Sup Ct, New York County 2007]; ZVUE Corp. v Bauman, 23 Misc 3d 1111(A), 17 [Sup Ct, New York County 2009]).

Footnote 3:The first is unsigned.

Footnote 4:This is an appropriate moment to heed the words of Professor Siegel, " defendants and respondents are warned that if they want to capitalize on technicalities they must mind their own procedures" (Siegel, NY Prac. § 63, at 94 [4th ed.]); Harris v Niagara Falls Bd. of Educ., 6 NY3d 155, 159 [2006]).

Footnote 5:There is insufficient proof that a city marshal would not be able to identify the subject unit when executing the warrant. (see generally US Airways, Inc. v Everything Yogurt Brands, Inc., 18 Misc 3d 136(A) [App Term, 2nd & 11th Jud Dists 2008]). 

Footnote 6:Generally, copies of these decisions ought to be provided to the court if they are to be considered.

Footnote 7:but see e.g. RPL 231-c.

Footnote 8:Here, the represented respondent was able to identify petitioner's other properties by ACRIS searches. (see Doc. No. 11, pars. 51-55).