One Dutchess Phase 2, LLC v Roman (2026 NY Slip Op 50402(U))

[*1]

One Dutchess Phase 2, LLC v Roman

2026 NY Slip Op 50402(U) [88 Misc 3d 1241(A)] [88 Misc 3d
1241(A)] [88 Misc 3d 1241(A)] [88 Misc 3d 1241(A)] [88 Misc 3d 1241(A)] [88 Misc 3d
1241(A)]

Decided on March 11, 2026

City Court Of Poughkeepsie, Dutchess County

Mora, J.

Published by New York State Law Reporting
Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 11, 2026
City Court of Poughkeepsie, Dutchess County

One Dutchess
Phase 2,
LLC, Petitioner,

againstVictoriano Roman and Yeralkis Gomez, 15 Fins
Lane, Apt.
401E, Poughkeepsie, NY 12601, Respondents.

Index No. LT-1703-25

Trisha Starkey, Esq.Attorney for the PetitionerOne Dutchess
Phase 2,
LLC241 Hudson St.Hackensack, NJ 07601Allison Dentinger,
Esq.Hudson Valley Justice CenterAttorney for the Respondent29 North
Hamilton
Street, Suite 205Poughkeepsie, NY 12601

Frank M. Mora, J.

Respondent, Yeralkis Gomez, filed a notice of motion, dated December 26, 2025,
seeking to
dismiss the instant summary proceeding on the grounds that Petitioner failed to serve a
proper
predicate Good Cause Eviction notice. Respondent's motion is supported by the
affirmation of
Allie Dentinger, Esq., of the Hudson Valley Justice Center, dated December 26, 2025,
together
with Exhibits A-C. On January 16, 2026, Petitioner filed a notice of cross-motion
seeking leave
to serve and file an amended petition to append and plead the Good Cause Eviction Law
("GCEL") notice nunc pro tunc and leave to amend the petition to include
additional rent
that has accrued since November 2025. Petitioner's cross-motion is supported by the
affirmation
of Trisha Starkey Esq., dated January 16, 2026, together with Exhibits A-B. On January
20,
2026, Respondent, Yeralkis Gomez, filed opposition to Petitioner's cross-motion and in
further
support of their motion to dismiss, supported by the affirmation of Allie Dentinger, Esq.,
dated
January 20, 2026, together with Exhibit A. On January 28, 2026, both parties appeared
before
this Court through their attorneys and were given a full and fair opportunity to argue the
merits of
their motions and be heard. Following oral arguments, this Court directed the parties to
brief the
following legal issues: 1) whether the GCEL notice is part of the [*2]predicate notice or just a notice accompanying the predicate
notice;
2) whether the GCEL notice can be amended if it is defective, or is a defect the
equivalent of
providing no notice; and 3) whether prejudice to the Respondent is a factor for the Court
to
consider in determining if a defective GCEL notice can be amended, if at all. In response
to
same, on February 20, 2026, both parties filed their summary briefing on the three (3)
novel legal
issues relating to the GCEL as it pertains to the above-captioned matter. Now, having
duly
deliberated upon Respondent, Yeralkis Gomez's, motion, Petitioner's cross-motion,
Respondent's
reply, the Exhibits, the legal arguments, both parties' written legal briefs, as well as all
the papers
and proceedings filed hereinbefore, the Court determines the matter as
follows:FACTS & ARGUMENTSOn October
20, 2025,
Petitioner served Respondents with a predicate notice setting forth a written demand to
pay past
rent due including a good cause eviction law notice, instructing them to pay rent owed or
move
out within fourteen (14) days. On November 13, 2025, Petitioner filed a notice of
petition and
petition seeking possession of the leased premises based upon non-payment of rent in the
amount
of $16,496.00. The matter was scheduled for a first appearance on December 3, 2025, at
which
time Respondent, Yeralkis Gomez, appeared and requested counsel, but Respondent
Victoriano
Roman did not appear, as it was alleged that he was on active duty. On December 26,
2025,
Respondent, Yeralkis Gomez, filed the instant motion to dismiss pursuant to R.P.A.P.L.
§
711(2), on the grounds that Petitioner failed to serve Respondents with an accurate
GCEL notice,
which is an unamendable defect requiring dismissal. It is undisputed by the parties that
the GCEL
notice served upon Respondents inaccurately informs Respondents that the City of
Poughkeepsie
has not adopted a good cause eviction law under R.P.L. § 213. In fact, the City of
Poughkeepsie Common Council opted into and adopted the GCEL in July 2024, which
law was
filed with the Secretary of State on July 19, 2024. In opposition, Petitioner filed a
cross-motion
that seeks to amend the petition by appending a corrected GCEL notice—that
states the
premises are subject to GCEL—which Petitioner had served upon
Respondents on
January 9, 2026. Petitioner also seeks to amend the petition to add rental arrears for
November
2025 through January 2026. In reply, Respondent contends that the GCEL notice
constitutes a
predicate notice that is not amendable once the proceeding has begun, and that the Court
should
reject Petitioner's cross-motion to serve a corrected GCEL notice, and dismiss the
action.

LEGAL ANALYSIS AND CONCLUSION
Summary eviction proceedings are special proceedings governed by Article 7 of Real
Property Actions and Proceedings Law, for they did not exist at common law. They are
meant to
operate on an accelerated timetable and defects which are ordinarily amendable in
plenary
actions may be considered "jurisdictional" in summary proceedings and may not be
subject to
amendment. Thus, if the petitioner fails to comply strictly with the terms of the statute,
the defect
cannot be amended, the court has no jurisdiction, and the petition must be dismissed.
SCHERER,
RESIDENTIAL LANDLORD-TENANT LAW IN NEW YORK, § 7:63
(2024-2025).
Defects in a notice of termination generally cannot be cured by amendment.
Chinatown
Apartments, Inc. v. Chu Cho Lam, 51 NY2d 786 (1980). As well, failure to include
sufficient details of the allegations in the notice of termination cannot be cured by
submitting the
details at some later point in the proceedings, for example, by way of a subsequent
affidavit.
Federal v. Ortiz, 139 Misc 2d 274 (Civ. Ct. Kings County 1988). Here, the
petitioner
properly served the 14-day notice pursuant to R.P.A.P.L. § 711(2) and R.P.A.P.L.
§
735(1).
Under R.P.A.P.L. § 741(4), every petition must state the facts upon which the
summary
proceeding is based. Petitioner is required to annex the GCEL notice described in R.P.L.
§
231-c to its petition and it must be appended to or incorporated into "any initial lease,
renewal
lease, notice required pursuant to [R.P.L. § 226-c (1)(a)], notice required pursuant
to
[R.P.A.P.L. §711(2)], or petition pursuant to [R.P.A.P.L. §741]."
R.P.A.P.L.
§ 231-c; R.P.A.P.L. § 741(5)(a), (b). The R.P.L. § 231-c "notice must
state
whether the premises are subject to or exempt from the GCEL; if the premises are
exempt, why
they are exempt; and if the premises are subject to the GCEL, the statutory good cause
ground for
eviction." 3515 Eastchester Rd., LLC v. Soto, 2025 NY Slip Op. 25209 (2025).
Here, the
GCEL notice was annexed to the 14-day notice, but inaccurately informed Respondents
that the
City of Poughkeepsie had not adopted a GCEL when in fact it had. Following
Respondents first
appearance, a motion to dismiss was filed on these grounds.
1. Is the GCEL notice a predicate notice or just a notice that is
attached
to the predicate (14-day) notice?
Respondent, Yeralkis Gomez, argues that the GCEL notice required to be served
pursuant to
R.P.L. § 231-c and R.P.A.P.L. § 711(2) constitutes part of the predicate notice
that
cannot be amended, and that the defect requires dismissal. Petitioner argues that it is
amendable.
Some courts have taken the position that the GCEL notice is a predicate notice and
cannot be
amended. 3515 Eastchester Road, LLC v. Soto, 242 N.Y.S.3d 896 (Bronx 2025).
Respondent, Yeralkis Gomez, relies upon other cases that pre-date the GCEL but this
Court is
not persuaded by these arguments.
This Court finds that the Good Cause Eviction Notice is part of the pleadings that
may be
amended. It is not part of an unamendable predicate notice. Indeed, the large majority of
lower
courts have also found that the GCEL notice is not an unamendable predicate notice, but
instead
have found that the GCEL notice is part of the pleadings that may be amended at any
time by
leave of court or by stipulation of all the parties, pursuant to C.P.L.R. § 3025(b).
815 W.
180th Grp., LLC v. Vargas, 2025 NY Misc. LEXIS 7983 (New York City 2025);
Emerald
Green Phase II LP v. Rivera, 2025 NYLJ LEXIS 1902(Kings County 2025)(motion
to
dismiss denied, GCEL may be amended as part of the pleadings); Emerald Lofts,
LLC v.
Echevarria, 2025 NYLJ LEXIS 1842 (Kings County 2025)(Court noted no prejudice
to
respondents in denying motion to dismiss and permitting GCEL to be amended as part of
the
pleadings); see, Shoreview Holdings, LLC v. Fernandez, 2025 NY Slip Op.
25277
(Queens County 2025)(holding that a petition that fails to comply with GCEL's pleading
requirements can be amended).
2. If the GCEL Notice is defective, is it amendable, or is it
effectively
providing no notice?
This Court finds that the defective notice (that states that the GCEL was never
adopted by
the City of Poughkeepsie) still constitutes statutory notice. However, the matter is subject
to
dismissal only if Petitioners do not cure the defect. Again, the GCEL notice is amendable
as part
of the pleadings, just like failure to plead rent stabilization is amendable in a summary
proceeding. Parco v. Fisch, 242 N.Y.S.3d 916 (Kings County 2025) citing Inga v. Revenco, 86
Misc 3d
1210(A) (Kings County 2025); Sin
Hang Lau v. Yun He Zheng, 86 Misc 3d 859(Kings County 2025); Barretta v. Parilla, 85 Misc 3d
1222(A)(Queens County 2025). As such, if it is corrected and re-served—as
Petitioner did here—the motion to dismiss may be denied. Barretta v.
Parilla,
supra (amendment to plead a ground under the GCEL was warranted in absence
of
prejudice or surprise). Here, Petitioner's counsel avers the GCEL notice was corrected
and
re-[*3]served upon the parties, and thus the defective
notice was
properly cured.
3. How does prejudice to the Respondents weigh in on a
determination
of a defective GCEL notice, if at all?
Respondents have moved out, were re-served with an accurate GCEL notice, and
Respondents have not demonstrated that they have suffered any prejudice as a result of
the defect
in the originally defective GCEL notice, for it was amended and re-served. See, Sing Hang Lau v. Yun He
Zheng,
86 Misc 3d 859, 864 (Kings County 2025). While Respondent, Yeralkis Gomez,
argues this
was not a mere "scrivener's error," but instead suggests that this was a "fundamental
misstatement and omission" requiring dismissal [Dentinger affirmation, dated January
20,
2026, ¶ 27], this Court finds otherwise. Indeed, if this Court found there was
sufficient
evidence of an intentional misstatement and omission, the matter would be subject to
dismissal.

THEREFORE, based upon all the foregoing, it is now
ORDERED, that the Respondent's motion to dismiss the petition is
DENIED; and it is further
ORDERED, that Petitioner's cross-motion for leave to amend the GCEL
notice is
GRANTED nunc pro tunc; and it is further
ORDERED, that Petitioner's cross-motion for leave to amend the petition to
include
rental arrears to include months not paid since the filing of the petition is
GRANTED.

SO ORDERED.
Dated: March 11, 2026Poughkeepsie, New YorkFRANK M. MORACITY
COURT JUDGE